ULRICO S. ROSALES, State Bar No. 139809
Email: rrosales@wsgr.com
MEAGHAN SNYDER, State Bar No. 279392
Email: msnyder@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100

Attorneys for Plaintiff
CUTERA, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CUTERA, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>LUTRONIC AESTHETICS, INC., and Does 1-20.<br><br>        Defendants. | Case No.:<br><br>**COMPLAINT FOR: (1) MISAPPROPRIATION OF TRADE SECRETS UNDER THE CALIFORNIA UNIFORM TRADE SECRETS ACT AND THE DEFEND TRADE SECRETS ACT; (2) MISAPPROPRIATION OF TRADE SECRETS IN VIOLATION OF THE DEFEND TRADE SECRETS ACT; (3) VIOLATION OF RICO; (4) TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS AND PROSPECTIVE ECONOMIC ADVANTAGE; (5) TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE (6) UNFAIR COMPETITION; AND (7) AIDING AND ABETTING**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Cutera, Inc. ("Cutera" or "Plaintiff"), by and through its attorneys Wilson Sonsini Goodrich & Rosati, complains and alleges against Lutronic Aesthetics, Inc., ("Lutronic"), as follows:

**The Parties**

1.    Plaintiff Cutera is, and at all times relevant herein was, a corporation organized and existing under the laws of Delaware, with its principal place of business located in San

COMPLAINT                                    -1-                                    11361759_1.doc

Mateo County, California.

2.  Plaintiff is informed and believes, and thereon alleges, that Defendant Lutronic is, and at all times relevant herein was, a corporation organized and existing under the laws of Delaware, with its principal place of business located at 19 Fortune Drive, Billerica, Massachusetts. Lutronic regularly conducts business in the State of California, although it apparently is not currently registered with the California Secretary of State and is not authorized to do so.

3.  Plaintiff does not know the true names and capacities of defendants sued herein as Does 1 through 20, inclusive, therefore sues such defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and thereon alleges, that each of the Doe defendants was at all relevant times, the agent, employee, or representative of the named Defendant and/or the other Doe defendants, was acting within the course and scope of such relationship, and is responsible in some manner for the occurrences alleged in this Complaint, and that Plaintiff's injuries as alleged herein were proximately caused by their respective acts and omissions.

## Jurisdiction and Venue

4.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), because the amount in controversy exceeds $75,000, exclusive of interests and costs and the action is between citizens of different states. Defendant's unlawful actions have caused Plaintiff to suffer actual and exemplary damages resulting from the loss of not fewer than six (6) employees, hundreds of thousands of dollars in lost sales and revenue, tens of thousands of dollars associated with recruiting and replacing the employees in question, and damage to the value of Plaintiff which Plaintiff estimates to be in excess of $10 million, and well in excess of the $75,000 jurisdictional floor at issue.

5.  Venue is proper in the United States District Court for the Eastern District of California pursuant to 28 U.S.C. § 1391 because (i) Defendant has intentionally availed itself of the laws by conducting business in this district and employing individuals in this district; (ii) does substantial business within this district; (iii) is subject to personal jurisdiction in this

district; and (iv) a substantial part of the events or omissions giving rise to the claim occurred in this judicial district and Plaintiff was harmed by Defendant's conduct within this judicial district.

### Factual Background and General Allegations

6. Plaintiff Cutera develops products and treatments for medical aesthetic professionals for use on patients.

7. Defendant Lutronic also develops products for medical aesthetic professionals for use on patients. Cutera and Lutronic are direct competitors.

8. Cutera employs approximately 217 employees in the State of California. It invests substantial amounts of money and other resources to recruit, interview, hire, train, retain, develop and manage the performance of its employees throughout the company, including in its sales organization.

9. In January 2020, Lutronic hired at least four Cutera employees, including Larry Laber, Jonathan Baker, John Yannocone, and Jina Kim (the "Former Cutera Employees").

10. Plaintiff is informed and believes, and thereon alleges, that Lutronic first solicited and hired Larry Laber, Cutera's then Executive Vice President of Sales, and one of Cutera's highest-ranking employees. On January 17, 2020, Laber abruptly resigned from his position, refusing upon his exit to affirm his contractual obligations to protect Cutera's confidential, proprietary, and trade secret information ("Trade Secret Information"), and to refrain from using Cutera Trade Secret Information to solicit Cutera employees. Laber also failed to return his company issued laptop computer for approximately 12 days after his termination. Instead, Laber immediately went to work for Lutronic, a direct competitor, and continued to unlawfully solicit Cutera's employees.

11. On the very same day, January 17, 2020, almost simultaneously, and also without any notice whatsoever, the other Former Cutera Employees also terminated their employment with Cutera. Although legally and contractually obligated to do so, Messrs. Baker and Yannocone, and Ms. Kim also failed to return their Cutera-issued laptop computers immediately upon termination despite demands that they do so. Messers. Baker and Yannocone also refused to affirm their contractual obligations to protect Cutera's Trade Secret Information.

12. Cutera has made significant efforts to protect its Trade Secret Information from disclosure. For example, Cutera's Code of Business Conduct & Ethics includes a section specifically addresses "Protection of Intellectual Property & Confidential Information," and makes clear that "[e]mployees, officers and directors must maintain the confidentiality of all information so entrusted to them, except when disclosure is authorized or legally mandated." The Code also addresses protecting passwords, mobile security, and the acceptable usage of Cutera systems (including prohibiting the "unauthorized transmission of company data"). Cutera also provides employee training on the subject of protecting its Trade Secret Information, and also addresses the matter in its employee handbook, including in the section involving "Conflicts of Interest." The handbook also advises Cutera employees that "[a]ccess to confidential information should be on a 'need-to-know' basis."

13. In addition, Cutera requires its employees to sign confidentiality agreements. As a condition of employment with Cutera, each of the Former Cutera Employees signed an agreement pursuant to which they agreed that (i) during and after their employment they would protect, hold in strict confidence, and not use (except for Cutera's benefit) Cutera's Trade Secret Information, and (ii) upon terminating their employment with Cutera, they would deliver to Cutera (and would not keep in their possession, recreate or deliver to anyone else) any and all Cutera documents and property, including Cutera's Trade Secret Information. Messrs. Laber, Baker and Yannocone also agreed that (iii) during the term of their employment with Cutera they would not engage in any other employment, occupation, consulting or other business activity directly related to the business in which Cutera was involved, and would not engage in any other activities that conflicted with the employee's obligations to Cutera; (iv) they would sign and deliver to Cutera a "Termination Certification" confirming certain obligations to Cutera; and (v) for a period of 12 months, they would not use Cutera trade secrets to solicit Cutera's employees to leave their Cutera employment.

14. Cutera is headquartered in California and its main computer servers and files are located in California. Cutera stores confidential information and trade secrets on these computer servers.

15. Cutera also maintains a database to manage sales contacts and data on www.salesforce.com. This database includes information regarding past sale activity and potential leads on new sales. The database contains contact information, previously sold products, potential interest in new products, prior sales, potential new sales, status and other highly confidential information. The database also contains such information relating to each Cutera sales representative, including the employee's contact information. The information that Cutera keeps on this database is confidential, proprietary, valuable, and key to the success of Cutera and its sales employees.

16. Cutera's sales employees and managers, including the Former Cutera Employees, regularly access data contained on www.salesforce.com servers. In addition, in their respective roles at Cutera, during their employment with Cutera, each of the Former Cutera Employees had extensive and regular access to Cutera Trade Secret Information, and regularly utilized such information while performing their job duties at Cutera. Only certain Cutera employees have access to the www.salesforce.com server, and access is password protected.

17. Cutera is informed and believes that Lutronic has put Cutera's valued Trade Secret Information at risk through its conduct. On information and belief, while Laber was still employed by Cutera and had fiduciary duties to Cutera (as well as a duty of loyalty), Laber accessed key Cutera Trade Secret Information and documents on Cutera's computer system to use not for Cutera's benefit, but for the benefit of Defendant Lutronic. Plaintiff is informed and believes, and thereon alleges, that Laber engaged in such unlawful conduct with Lutronic's full knowledge and support. Lutronic has acquired and threatens to gain further access to Cutera's Trade Secret Information by engaging in a concerted, targeted campaign to raid key members of Cutera's sales organization.

18. The Trade Secret Information Cutera has developed and possesses includes, but is not limited to:

- Cutera's confidential customer contract information, including current and prospective customer names and contact information compiled through internal research, sales lead and call information and records, confidential information

    related to undisclosed pricing, historical quote history, discount information, payment terms offered to customers or potential customers, reasons for changes to quotes, analyses of customer demands, preferences, feedback and needs, previous discussions with customers, regarding prior and potential new projects, and proposed technical engineering specification stored on Cutera computers, servers, information related to product reliability and warranty information, and Cutera's salesforce.com database;

- Cutera employee information not available to the public or to its competitors, including the names, addresses, telephone numbers, qualifications, experience, sales track record, incentive compensation, compensation expectation, and other valuable information pertaining to these employees;

- Cutera's confidential sales reports containing detailed customer pricing information for specific customers, customer discounting information, and ordering information for Cutera products;

- Cutera's confidential market analysis and forecasting reports containing proprietary analyses of specific market trends, market pricing information trends, and target markets for selling Cutera products based on market conditions and financial analysis;

- Cutera business analysis reports containing multi-year strategic plans, marketing plans, and projections for targeting and expansion of specific markets for selling Cutera products;

- Cutera price and cost information, including current manufacturing and vendor costs, labor costs, overhead, profit margins, employee salaries, employee bonus and/or commissions information; and

- Cutera product information, including product specifications and features, development plans, including for new products, new product launch dates and schedules, pipelines, product reliability information, and roadmaps.

19. Said Trade Secret Information serves to create a competitive advantage for Cutera. If a competitor impermissibly obtained or misappropriated the Trade Secret Information, the competitor could, without investing the significant time and effort expended by Cutera, gain an unlawful and unfair advantage over Cutera.

20. Cutera has never authorized any of the Former Cutera Employees to retain or use any of Cutera's Trade Secret Information following the termination of their services for Cutera. It also never authorized any of the Former Cutera Employees to disclose such information to any non-Cutera employees, or other persons or entities. Cutera certainly never authorized any of the Former Cutera Employees to use any of its Trade Secret Information in connection with their work at Lutronic or to solicit other Cutera employees.

21. Despite their agreement not to take Cutera's Trade Secret Information upon the termination of their employment, but to instead return such information, Cutera is informed and believes that prior to their departure, one or more of the Former Cutera Employees secured such information for their use to advantage Defendant Lutronic, and Lutronic currently possess Cutera proprietary and trade secret information. Despite being asked to do so, the Former Cutera Employees have refused to return Cutera's Trade Secret Information or represent to Cutera that they do not possess such information.

22. Plaintiff is informed and believes, and thereon alleges, that at least one Former Cutera Employee, Laber accessed Cutera's salesforce.com database to obtain confidential Cutera employee contact information to use in soliciting employees for the benefit of Lutronic, and sent that information to his personal email. Each of the Former Cutera Employees retained and did not return Cutera proprietary or trade secret information, and Plaintiff is informed and believes, and thereon alleges, that they have used such information for the benefit of Lutronic.

23. Plaintiff is informed and believes, and thereon alleges, that at least one of the Former Cutera Employees, Ms. Kim, attempted to access Cutera's salesforce.com database following her separation from employment for the purpose of obtaining Cutera Trade Secret Information.

24. Plaintiff is informed and believes, and thereon alleges, that Defendant Lutronic

has not only used Cutera Trade Secret Information to solicit and hire Cutera employees, it has hired the Former Cutera Employees and other Cutera employees for the purpose of obtaining Cutera's Trade Secret Information. Upon information and belief, Defendant Lutronic instructed and/or encouraged the Former Cutera Employees, directly or indirectly, to deliver Cutera Trade Secret Information to Lutronic to use for hiring purposes or otherwise. Moreover, Plaintiff is informed and believes, and thereon alleges, that Defendant Lutronic sought to misappropriate Cutera Trade Secret Information in order to secure an unfair advantage over Cutera, and for the purpose of competing against Cutera.

25. Plaintiff is informed and believes, and thereon alleges, that as a result of its hiring of the Former Cutera Employees, Defendant Lutronic has misappropriated, and threatens to misappropriate, Cutera Trade Secret Information, and continues to do so in order to damage and secure an unfair advantage over Cutera. Accordingly, Cutera seeks to enjoin Lutronic from using Cutera Trade Secret Information; to recover from Lutronic its Trade Secret Information; and to enjoin Lutronic from obtaining or enjoying any commercial advantage from its misappropriation of Cutera's Trade Secret Information.

26. In committing the acts described above, Defendant Lutronic acted with malice, with the deliberate intent to injure Plaintiff and further its own interests with conscious disregard for the applicable law, the protection of Cutera Trade Secret Information, and Plaintiff's property rights, thereby warranting an award of exemplary damages in an amount appropriate to punish Lutronic and to deter it from engaging in similar misconduct.

27. As a result of Lutronic's unlawful actions, Plaintiff has suffered, or will suffer, irreparable harm and substantial actual damages, including, but not limited to, the costs and attorney fees in enforcing applicable California law relating to unfair competition, as well as lost business and profits as a result of: (a) Defendant's usurpation of Plaintiff Cutera's business opportunities; (b) the unauthorized use or disclosure of Cutera's Trade Secret Information; and (c) additional costs incurred to maintain Cutera's profitable relationships with its customers, actual or potential.

**First Cause of Action**

**(Misappropriation of Trade Secrets in Violation of the Uniform Trade Secrets Act)**

28. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 27 of this Complaint.

29. As set forth above, Plaintiff possesses certain trade secret information including, but not limited to, the Trade Secret Information. This Trade Secret Information constitutes "trade secrets" under California's Uniform Trade Secrets Act, Cal. Civ. Code §§ 3246, *et seq*. At all relevant times, Cutera has owned said trade secrets.

30. Cutera's trade secrets, including the Trade Secret Information, derive independent economic value from not being generally known to the public or to other persons who can obtain economic value from their disclosure or use.

31. Plaintiff has made reasonable efforts to preserve the confidentiality of its trade secrets, including as set forth above in Paragraphs 12 through 13.

32. As described above, Defendant Lutronic has actually used or disclosed, and/or threatens to use or disclose, Cutera's Trade Secret Information without Cutera's authorization, and has done so with knowledge. Defendant has used Cutera's Trade Secret Information to solicit Cutera's employees, and has also solicited Cutera's employees for the purpose of obtaining and using Cutera Trade Secret Information to gain an unfair advantage in competing against Cutera. Lutronic has misappropriated Cutera's Trade Secret Information, and threatens to do so, notwithstanding its understanding that the Former Cutera Employees acquired Cutera's Trade Secret Information under circumstances giving rise to a duty to maintain its secrecy. Lutronic has obtained Cutera's Trade Secret Information from the Former Cutera Employees, and not from generally available information or through its own independent research and efforts.

33. Lutronic's actual and threatened use or disclosure of Cutera's Trade Secret Information is in direct violation of Lutronic's legal obligations to Cutera.

34. Upon information and belief, Defendant Lutronic has gained, or will gain, substantial benefit from its actual, or threatened, misappropriation of Cutera's Trade Secret

Information to Cutera's substantial detriment, including the loss to Cutera of valuable current and former business relationships and opportunities.

35. Defendant Lutronic's wrongful conduct in misappropriating Plaintiff's trade secrets constitutes both actual and threatened misappropriation of Plaintiff's trade secrets under California Civil Code §§ 3426-3426.11.

36. As a result of Defendant's unlawful conduct, Plaintiff's Trade Secret Information has been actually compromised and is substantially threatened through its further use and/or dissemination.

37. As a direct, proximate and foreseeable result of Defendant's misappropriation of trade secrets, actual or threatened, Plaintiff has been damaged in an amount not yet ascertained, but in any event in excess of the jurisdictional minimum of this Court.

38. Defendant's unlawful actions were willful and malicious, and with the deliberate intent to injure Plaintiff's business, thereby entitling Plaintiff to exemplary damages and/or attorneys' fees to be proven at trial pursuant to California Civil Code § 3246.3(c).

39. Cutera is entitled to an order requiring Lutronic, its agents, employees, and all persons acting in concert with Lutronic, from using or disclosing, or threatening to use or disclose, Cutera' Trade Secret Information, and restraining Lutronic from obtaining any benefit from its wrongful possession and use of those trade secrets.  Unless enjoined by this Court, said misappropriation of trade secrets, actual or threatened, will cause great and irreparable injury to Plaintiff, and Plaintiff has no adequate or other remedy at law for such acts and threatened acts.

**Second Cause of Action**

(**Misappropriation of Trade Secrets in Violation of the Defend Trade Secrets Act**)

40. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 39 of this Complaint.

41. As set forth above, Plaintiff possesses certain trade secret information including, but not limited to, the Trade Secret Information.  This Trade Secret Information constitutes "trade secrets" under the Defend Trade Secrets Act, 18 U.S.C. § 1836 (the "DTSA").  At all relevant times, Cutera has owned said trade secrets.

42. Cutera's trade secrets, including the Trade Secret Information, derive independent economic value from not being generally known to the public or to other persons who can obtain economic value from their disclosure or use.

43. Plaintiff has made reasonable efforts to preserve the confidentiality of its Trade Secret Information, including as set forth above in Paragraphs 12 through 13.

44. As described above, Defendant Lutronic has actually used or disclosed, and/or threatens to use or disclose, Cutera's trade secrets without Cutera's authorization, and has done so with knowledge.  Defendant has used Cutera's Trade Secret Information to solicit Cutera's employees, and has also solicited Cutera's employees for the purpose of obtaining and using Cutera Trade Secret Information to gain an unfair advantage in competing against Cutera. Lutronic has misappropriated Cutera's Trade Secret Information, and threatens to do so, notwithstanding its understanding that the Former Cutera Employees acquired Cutera's Trade Secret information under circumstances giving rise to a duty to maintain its secrecy.  Lutronic has obtained Cutera's Trade Secret Information from the Former Cutera Employees, and not from generally available information or through its own independent research and efforts.

45. Lutronic's actual and threatened use or disclosure of Cutera's trade secrets is in direct violation of Lutronic's legal obligations to Cutera.

46. Upon information and belief, Defendant Lutronic has gained, or will gain, substantial benefit from its actual, or threatened, misappropriation of Cutera's Trade Secret Information to Cutera's substantial detriment, including the loss to Cutera of valuable current and former business relationships and opportunities.

47. Defendant Lutronic's wrongful conduct in misappropriating Plaintiff's trade secrets constitutes both actual and threatened misappropriation of Plaintiff's trade secrets under the DTSA, 18 U.S.C. § 1839(5)(6).

48. As a result of Defendant's unlawful conduct, Plaintiff's Trade Secret Information has been actually compromised and is substantially threatened through its further use and/or dissemination.

49. As a direct, proximate and foreseeable result of Defendant's misappropriation of

trade secrets, actual or threatened, Plaintiff has been damaged in an amount not yet ascertained, but in any event in excess of the jurisdictional minimum of this Court.

50. Defendant's unlawful actions were willful and malicious, and with the deliberate intent to injure Plaintiff's business, thereby entitling Plaintiff to exemplary damages and/or attorneys' fees to be proven at trial pursuant to 18 U.S.C. § 1836.

51. Cutera is entitled to an order requiring Lutronic, its agents, employees, and all persons acting in concert with Lutronic, from using or disclosing, or threatening to use or disclose, Cutera' Trade Secret Information, and restraining Lutronic from obtaining any benefit from its wrongful possession and use of those trade secrets.   Unless enjoined by this Court, said misappropriation of trade secrets, actual or threatened, will cause great and irreparable injury to Plaintiff, and Plaintiff has no adequate or other remedy at law for such acts and threatened acts.

### Third Cause of Action

### (Racketeer Influenced and Corrupt Organizations Act ("RICO"))

52. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 51 of this Complaint.

53. Defendant Lutronic has violated RICO by conducting the affairs of a criminal enterprise through a pattern of racketeering activity to the injury of Cutera's business and property. 18 U.S.C. §§ 1961-1968.

54. Defendant Lutronic is an enterprise under RICO. 18 U.S.C. § 1961(4).

55. As set forth above, including in paragraphs 1 through 51, Lutronic has engaged in conduct in violation of RICO, including its unlawful misappropriation of trade secrets under the California Uniform Trade Secrets Act, as well as the DTSA.

56. Defendant Lutronic, as set forth above, has engaged in a pattern of racketeering activity in violation of RICO.  18 U.S.C. § 1961(1).  Said pattern includes, but is not limited to (i) stealing, or without authorization appropriating, taking, carrying away, or concealing, or by fraud, artifice, or deception obtaining Cutera's Trade Secret Information; (ii) without authorization copying, duplicating, downloading, uploading, delivering, communicating or conveying Cutera's Trade Secret Information; (iii) receiving or possessing Cutera's Trade Secret

Information, knowing that trade secret information to have been stolen or appropriated, obtained, or converted without authorization; (iv) attempting to engage in the wrongful conduct referenced in (i) to (iii); and/or (v) conspiring with others, including the Former Cutera Employees, to engage in the wrongful conduct referenced in (i) to (iii).

**Fourth Cause of Action**

**(Tortious Interference with Contractual Relations)**

57. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 55 of this Complaint

58. Plaintiff enjoyed valid and binding contracts with each of its employees, including the Former Cutera Employees, which included an obligation that each Former Cutera Employee not disclose Cutera Trade Secret Information to third parties in any manner that is not in Cutera's interest or in a way that may harm Cutera.

59. Plaintiff also enjoyed valid and binding contracts with Messrs. Laber, Baker and Yannocone pursuant to which these Former Cutera Employees agreed that during the term of their employment with Cutera they would not engage in any other employment, occupation, consulting or other business activity directly related to the business in which Cutera was involved, and would not engage in any other activities that conflicted with the employee's obligations to Cutera.

60. Plaintiff is informed and believes, and thereon alleges, that Defendant Lutronic was fully aware that the Former Cutera Employees were parties to said valid and binding written contracts with Plaintiff Cutera.

61. Plaintiff is informed and believes, and thereon alleges that, with knowledge that the Former Cutera Employees had existing employment contracts with, and duties to, Cutera, Defendant Lutronic intentionally induced the Former Cutera Employees to breach their obligations to Cutera, and to instead provide Cutera Trade Secret Information to Lutronic (including while they were still employed by Cutera), thereby violating their duties to Cutera.

62. As a result of the wrongful and unlawful actions of Defendant Lutronic, as set forth above, the Former Cutera Employees did violate their duties to Cutera by providing Cutera

Trade Secret Information to Lutronic (including while they were still employed by Cutera), in violation of the terms of their relevant employment agreements with Cutera.

63. As a direct and proximate result of the wrongful and unlawful actions of Defendant Lutronic, Cutera has suffered and continues to suffer irreparable harm, including but not limited to, the loss of goodwill, loss of Trade Secret Information, loss of relationships with employees and customers, and loss of competitive advantage, income, revenue, customers and/or profits, and other damages in an amount to be proven at trial, but in any event, in excess of the jurisdictional minimum of this Court.

64. Cutera has no adequate remedy at law and is entitled to appropriate injunctive relief, and the wrongful acts of Lutronic, as more fully described above, will continue unless enjoined.

65. Because the above-described conduct was willful, wanton, malicious and oppressive, Plaintiff is also entitled to an award of exemplary damages against Defendant.

### Fifth Cause of Action

**(Tortious Interference with Prospective Economic Advantage)**

66. Cutera hereby realleges and incorporates herein by reference each and every allegation of paragraphs 1 through 64, inclusive as though fully set forth herein.

67. Cutera also enjoyed valuable and profitable contractual relationships and prospective contractual relationships with the above-referenced employees that Lutronic and Laber caused to terminate their relationships with Cutera.

68. Defendant was fully aware that Cutera expected to enjoy future business relationships with the employees in question. Said continued business relationships represent a probable future economic benefit or advantage to Cutera.

69. Cutera is informed and believes, and thereon alleges, that notwithstanding such knowledge, Defendant Lutronic used illegal and wrongful actions and methods to interfere with such prospective economic advantage and induce the Cutera employees in question to terminate their business relationships with Cutera, and instead do business, directly or indirectly, with Lutronic and/or its affiliates. Said independent acts of wrongdoing are set forth in this

Complaint, and include, but are not limited to unfair competition and aiding and abetting (including their fraudulent conduct and efforts to induce Cutera employees to breach their fiduciary duties and/or their duty of loyalty to Cutera and intentionally injuring Cutera's ability to retain the Cutera employees in question.

70. As a direct and proximate result of Lutronic's wrongful and unlawful actions, Cutera has suffered and continues to suffer numerous harms, including but not limited to substantial costs incurred in filling or attempting to fill vacancies created by the departure of the Cutera employees, the loss of the technical competency and expertise that resided with each employee that terminated his or her employment relationship with Cutera, and other damages in an amount to be proven at trial, but in any event in excess of the jurisdictional minimum of this Court.

71. As a result of Defendant's intentional interference with these relationships and business expectancies, Cutera has been injured irreparably.

72. Each of these acts was done willfully and maliciously by Defendant, with the deliberate intent to injure Cutera's business, thereby entitling Cutera to exemplary damages and/or attorneys' fees to be proven at trial;

**Sixth Cause of Action**

**(Unfair Competition)**

73. Cutera hereby realleges and incorporates herein by reference each and every allegation of paragraphs 1 through 70, inclusive as though full set forth herein.

74. Defendant conspired to and did commit multiple acts of unfair competition as defined by Business and Professions Code section 17200, by, *inter alia*, (a) misappropriating Cutera Trade Secret Information; (b) interfering with Cutera's actual and prospective economic relations, and (c) aiding and abetting the above reference wrongful conduct on the part of the Former Cutera Employees in order to obtain a competitive advantage over Cutera in the marketplace.

75. Defendant's unlawful and unfair business practices, described above, presents a continuing violation of various statutes as cited above.

76. Cutera is informed and believes that Defendant will continue to perpetrate these acts in violation of public policy, to the detriment of the public at large, including Cutera, unless this Court orders Defendant, as well as those acting in concert with Defendant, to cease and desist.  Pursuant to Business and Professions Code sections 17203 and 17204, Cutera is entitled to temporary and permanent injunctive relief enjoining Defendant from engaging in further conduct constituting unfair competition, and requests that the Court award Cutera its attorneys' fees pursuant to California Code of Civil Procedure section 1021.5.

77. As a result of their unlawful and unfair conduct herein alleged, Defendant has damaged Cutera's business reputation, good will, and client relationships in an amount to be determined at trial.

**Seventh Cause of Action**

**(Aiding and Abetting)**

78. Cutera hereby realleges and incorporates herein by reference each and every allegation of paragraphs 1 through 75, inclusive as though fully set forth herein.

79. Upon information and belief, Lutronic knew that Laber and the other Cutera Former Employees owed their employer Cutera fiduciary duties and/or a duty of loyalty, and knew that they were breaching said duties by misappropriating Cutera's Trade Secret Information and also taking steps to orchestrate a mass defection of Cutera's employees to Lutronic while still employed by Cutera.

80. Despite such knowledge, Lutronic aided and abetted Laber and/or the other Former Cutera Employees in breaching their duties to Cutera.  Lutronic provided substantial assistance and actively participated in helping Laber and the other Former Cutera Employees achieve their desired outcome in their efforts to misappropriate Cutera's Trade Secret Information and to orchestrate a mass defection to Lutronic, and in doing so breaching their duties to Cutera.  Lutronic specifically intended to facilitate the Former Cutera Employee's wrongful conduct.

81. As a result of said aiding and abetting and the resulting breach of fiduciary duties and/or duty of loyalty by Laber and the Former Cutera Employees, Cutera has suffered and

continues to suffer numerous harms, including but not limited to substantial costs incurred created by the departure of the Former Cutera Employees, the loss of the technical competency and expertise that resided with each employee that terminated his or her employment relationship with Cutera and the resulting loss of profits that Cutera would have otherwise enjoyed had the Former Cutera Employees remained with Cutera, and other damages in an amount to be proven at trial, but in any event in excess of the jurisdictional minimum of this Court.

82. Because the above-described conduct was willful, wanton, malicious and oppressive, Cutera is also entitled to an award of exemplary damages against Lutronic.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Cutera prays that judgment be entered in its favor and against Defendant as follows:

1. Compensatory damages according to proof;

2. For a temporary restraining order, and preliminary and permanent injunction, as follows: (a) compelling Defendant to immediately return to Plaintiff all of Plaintiff's Trade Secret Information and property; (b) enjoining Defendant, their agents, servants, employees and all other persons in privity or acting in concert with Defendant, or any of them, from directly or indirectly using or disclosing, or attempting to use or disclose, any of Plaintiff's Trade Secret Information; (c) ordering Lutronic to account for all gains, profits, and advantages it has derived from its misappropriation of Plaintiff's trade secrets; (d) prohibiting Defendant from directly or indirectly threatening to or interfering with Plaintiff's current customers, prospects or employee relationships; (f) enjoining Defendant from using or threatening to use Cutera Trade Secret Information to solicit, directly or indirectly, any current employee of Plaintiff to leave his or her employment with Plaintiff; (h) ordering Defendant to return to Plaintiff immediately all copies and electronic media, including, but not limited to, original copies of any emails, documents, records, files or computer disks removed, obtained, or otherwise derived from Plaintiff's offices or any other Plaintiff network, including but not limited to, information pertaining to Plaintiff's Trade Secret Information; (i) enjoining Defendant from retaining on any computer, electronic media or storage device, personal data assistant, cellular or other telephone, or any other form of

electronic or recording or storage device, any information that was removed, obtained, or otherwise derived from Plaintiff's offices or any other network of Plaintiff, or any work performed by the Former Cutera Employees while employed by Plaintiff or doing work for Cutera while employed by Cutera; (j) other injunctive relief, including appointment of a special master to oversee Defendant Lutronic to ensure that it does not use or disclose Plaintiff's Trade Secret Information;

3. An order compelling repayment of all compensation received by the Former Cutera Employees;

4. The imposition of a constructive trust for the benefit of Plaintiff upon (i) all Cutera Trade Secret Information misappropriated, converted, or used by any of the Former Cutera Employees in violation of any contractual agreement with, or duty owed to, Cutera, including but not limited to profits or, equity interests in, and/or increase in the value of any equity interests in, Lutronic, derived from any breach of any contract with Cutera that was induced by Lutronic, from the breach of any fiduciary duty or duty of loyalty to Cutera that was induced or ratified by Lutronic, or from any misappropriation of Cutera Trade Secrets by Lutronic and/or its employees or agents;

5. Exemplary damages;

6. Interest at the maximum legal rate on all sums awarded;

7. Reasonable attorneys' fees as permitted by agreement or law;

8. All costs of suit herein; and

9. Such other and further relief as the Court deems just and proper.

Dated: January 31, 2020

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: /s/ Ulrico S. Rosales
Ulrico S. Rosales
Meaghan Snyder

Telephone: 650.493.9300
Email: rrosales@wsgr.com

Attorneys for Plaintiff
CUTERA, INC.