1 ULRICO S. ROSALES, State Bar No. 139809
Email: rrosales@wsgr.com
2 MEAGHAN SNYDER, State Bar No. 279392
Email: msnyder@wsgr.com
3 WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
4 650 Page Mill Road
Palo Alto, CA 94304-1050
5 Telephone: (650) 493-9300
Facsimile: (650) 565-5100

Attorneys for Plaintiff
CUTERA, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CUTERA, INC.,<br><br>Plaintiff,<br><br>v.<br><br>LUTRONIC AESTHETICS, INC., and Does 1-20.<br><br>Defendants. | CASE NO.: 2:20-CV-00235-KJM-DB<br><br>**PLAINTIFF'S *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION AND FOR ORDER RE PRESERVATION OF EVIDENCE**<br><br>Before: The Hon. Kimberly J. Mueller<br>Magistrate Judge Deborah Barnes<br><br>Complaint Filed: January 31, 2020<br>Jury Trial Demanded |

**To Defendant Lutronic Aesthetics, Inc. ("Lutronic") and its attorneys of record:**

Plaintiff Cutera Inc. ("Cutera") hereby gives notice that on February 20, 2020, or as soon thereafter as the matter may be heard before the Honorable Kimberly J. Mueller in Courtroom 3 of the United States Courthouse located at Robert T. Matsui United States Courthouse, 501 I Street, Sacramento, CA 95814, Cutera will, and hereby does, move the Court for a temporary restraining order, order to show cause, and an order preserving evidence against Lutronic.

PLAINTIFF'S EXPARTE APPLICATION AND
MOTION FOR TRO; ORDER TO SHOW CAUSE
RE: PRELIMINARY INJUNCTION; AND
ORDER FOR PRESERVATION
CASE NO. 2:20-CV-00235-KJM-DB

-1-

11396642_1.docx

Pursuant to Federal Rules of Civil Procedure 65, Cutera respectfully requests the Court to enter a narrowly tailored temporary restraining order as set forth in the [Proposed] Temporary Restraining Order and Order to Show Cause submitted herewith. No prior injunctive relief has been requested or granted in this matter.

## I. Application for a Temporary Restraining Order

Cutera's application for a temporary restraining order and preliminary injunctive relief is made on the basis that: (1) there is a substantial likelihood that Cutera will succeed on the merits of its claims against Defendants for unlawful misappropriation of trade secrets; (2) absent the issuance of a temporary restraining order Cutera will suffer immediate and irreparable injury, and such injuries substantially outweigh any injuries to Defendant that may result from granting this motion; and (3) this order serves, and is not contrary to, the public interest.

Specifically, Cutera requests that the Court issue an Order, pending the hearing on the Order to Show Cause, that Defendant and all of its affiliates, officers, directors, shareholders, and employees (including the Former Cutera Employees, as defined in the Cutera's application) are:

1. Defendant is PROHIBITED from employing former Cutera employees Larry Laber, John Yannocone, Jonathan Baker and Jina Kim (the "Former Cutera Employees") in any sales or marketing role involving the sale or marketing of Lutronic products or services that compete with any actual Cutera products or services, or those Cutera had under development, or reasonably contemplated during the Former Cutera Employees' employment with Cutera;

2. Defendant is ENJOINED AND RESTRAINED from, personally or through any other person, hiring, or directly or indirectly encouraging, inducing, recruiting, soliciting, or taking any other action that is intended to encourage, induce, recruit, or solicit, any sales or marketing persons employed by Cutera since November 1, 2019, to leave his, her, or its employment or service with Cutera, or to take away Cutera employees, contractors, consultants, or other similar service providers to accept employment, or enter into any consulting arrangement, with Lutronic;

3. Defendant is ENJOINED AND RESTRAINED from, for the benefit of Lutronic or otherwise, directly or indirectly, obtaining, retaining, using, transmitting, disseminating, or disclosing, or attempting to obtain, retain, use, transmit, disseminate, or disclose, any Cutera confidential, proprietary, or trade secret information, including any Cutera product, customer (actual or potential), sales, marketing, or pricing information ("Trade Secret Information");

4. Defendant is ENJOINED AND RESTRAINED from, directly or indirectly, soliciting for the purpose of conducting business, any Cutera actual or potential customer with whom any of the Former Cutera Employees had business contact or communications, or called upon, during one (1) year period prior to date of this Order;

5. Defendant is REQUIRED to identify all desktop and laptop computers, internal and external hard drives, USB storage devices, "flash drives," "thumb drives," memory cards, non-commercial read/writable optical media (including CD-ROMs and DVD-ROMs), cloud storage (including iCloud and DropBox) accounts, personal email accounts, tablet devices (including iPads), and smart phones (collectively "Media"), belonging to or in the Former Cutera Employees' possession, custody, or control that (a) have been used by the Former Cutera Employees during the two year period prior to the entry of this Order to perform business or services for Cutera; (b) have been used by the Former Cutera Employees to perform business or services for Lutronic; or (c) that Lutronic, in good faith, believes contain any Cutera Trade Secret Information (together the "Identified Media");

6. Defendant is REQUIRED to produce, within three (3) business days of this Order, the Identified Media to Cutera or allow Cutera's agents, including independent computer forensic experts, to forensically preserve and mirror/image said Identified Media (the mirrored data shall be maintained by Cutera's counsel as highly confidential – Attorneys' Eyes Only until such time as the Court designates any portion thereof);

7. Defendant is REQUIRED to identify all passwords and processes necessary to obtain access to any operating system, database, server, software, file, or storage location (including on-line or "cloud" storage) for said Identified Media

8.      Defendant is REQUIRED within three (3) business days, to the extent Defendant has not already done so, to return to Cutera any and all Cutera materials containing Cutera Trade Secret Information, in its possession, custody, or control, including, but not limited to, whether original or duplicate, emails, documents, records, files that the Former Cutera Employees removed, obtained, or otherwise derived from Cutera's offices or current or former employees or contractors of Cutera, and including information pertaining to Cutera's products, customers, sales or marketing activities.

**II.      Order To Show Cause Why This Court Should Not Issue Preliminary Injunction.**

Cutera requests that Defendant be ordered to appear before this Court, at a date, time and place to be set, to show cause why the Court should not issue a Preliminary Injunction ordering that:

1.      Defendant and all of its affiliates, officers, directors, shareholders, and employees (including the Former Cutera Employees, as defined in the Cutera's application and motion) (together, "Defendant") is PROHIBITED from employing former Cutera employees Larry Laber, John Yannocone, Jonathan Baker and Jina Kim (the "Former Cutera Employees") in any sales or marketing role involving the sale or marketing of Lutronic products or services that compete with any actual Cutera products or services, or those Cutera had under development, or reasonably contemplated during the Former Cutera Employees' employment with Cutera;

2.      Defendant is ENJOINED AND RESTRAINED from, personally or through any other person, hiring, or directly or indirectly encouraging, inducing, recruiting, soliciting, or taking any other action that is intended to encourage, induce, recruit, or solicit, any sales or marketing persons employed by Cutera since November 1, 2019, to leave his, her, or its employment or service with Cutera, or to take away Cutera employees, contractors, consultants, or other similar service providers to accept employment, or enter into any consulting arrangement, with Lutronic;

3.      Defendant is ENJOINED AND RESTRAINED from, for the benefit of Lutronic or otherwise, directly or indirectly, obtaining, retaining, using, transmitting, disseminating, or

disclosing, or attempting to obtain, retain, use, transmit, disseminate, or disclose, any Cutera confidential, proprietary, or trade secret information, including any Cutera product, customer (actual or potential), sales, marketing, or pricing information ("Trade Secret Information");

4. Defendant is ENJOINED AND RESTRAINED from, directly or indirectly, soliciting for the purpose of conducting business, any Cutera actual or potential customer with whom any of the Former Cutera Employees had business contact or communications, or called upon, during one (1) year period prior to date of this Order;

5. Defendant is REQUIRED to identify all desktop and laptop computers, internal and external hard drives, USB storage devices, "flash drives," "thumb drives," memory cards, non-commercial read/writable optical media (including CD-ROMs and DVD-ROMs), cloud storage (including iCloud and DropBox) accounts, personal email accounts, tablet devices (including iPads), and smart phones (collectively "Media"), belonging to or in the Former Cutera Employees' possession, custody, or control that (a) have been used by the Former Cutera Employees during the two year period prior to the entry of this Order to perform business or services for Cutera; (b) have been used by the Former Cutera Employees to perform business or services for Lutronic; or (c) that Lutronic, in good faith, believes contain any Cutera Trade Secret Information (together the "Identified Media");

6. Defendant is REQUIRED to produce, within three (3) business days of this Order, the Identified Media to Cutera or allow Cutera's agents, including independent computer forensic experts, to forensically preserve and mirror/image said Identified Media (the mirrored data shall be maintained by Cutera's counsel as highly confidential – Attorneys' Eyes Only until such time as the Court designates any portion thereof);

7. Defendant is REQUIRED to identify all passwords and processes necessary to obtain access to any operating system, database, server, software, file, or storage location (including on-line or "cloud" storage) for said Identified Media;

8. Defendant is REQUIRED within three (3) business days, to the extent Defendant has not already done so, to return to Cutera any and all Cutera materials containing Cutera Trade

Secret Information, in its possession, custody, or control, including, but not limited to, whether original or duplicate, emails, documents, records, files that the Former Cutera Employees removed, obtained, or otherwise derived from Cutera's offices or current or former employees or contractors of Cutera, and including information pertaining to Cutera's products, customers, sales or marketing activities.*Ex parte* relief is appropriate and necessary in the instance because Cutera is likely to prevail on the merits of his allegations that Lutronic and its employees are misappropriating and threaten to misappropriate Cutera's trade secrets. Unless Defendant is enjoined Cutera will suffer immediate and irreparable injury. The balancing of equities tips in favor of Cutera, a California business, r seeking to enforce rights under the referenced trade secret statutes. Such an order is in the public interest, as it vindicates strong public policies of California and Federal trade secret laws, and the law of unfair competition.

### III. Evidence Preservation Order

To ensure that key evidence is not destroyed prior to an adjudication or other resolution of this action, Cutera requests that the Court issue an Order that Defendant shall retain and preserve all documents relating to this action (including, but not limited to, all electronic communications), and shall be prohibited from destroying or modifying any evidence relating to this action.

This Application and Motion is based on this Notice, the Memorandum of Points and Authorities filed in support thereof, the Declarations of Shelby Eckerman and Kevin Clarke and their exhibits, the Proposed Order filed herewith, the Complaint on file in this case, and such further papers, evidence, and arguments as may be submitted to the Court.

/ / /

Cutera, through its counsel, gave notice to Defendant of this application by phone message and via email on February 19, 2020 at 10:01 a.m. of its intention to file this Ex Parte Application and Motion. Defendant has informed Plaintiff that it intends to file an opposition brief. Plaintiff requests oral argument in support of the Motion and estimates Plaintiff needs 30 minutes for oral argument and a total hearing time of 45 minutes.

Dated: February 20, 2020

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: __/s/ Ulrico S. Rosales_____
      Ulrico S. Rosales
      Meaghan Snyder

Attorneys for Plaintiff
CUTERA, INC.

PLAINTIFF'S *EXPARTE* APPLICATION AND
MOTION FOR TRO; ORDER TO SHOW CAUSE
RE: PRELIMINARY INJUNCTION; AND
ORDER FOR PRESERVATION
CASE NO. 2:20-CV-00235-KJM-DB

-7-

11396642_1.docx