| | |
|---|---|
| 1 | ULRICO S. ROSALES, State Bar No. 139809 |
| | Email: rrosales@wsgr.com |
| 2 | MEAGHAN SNYDER, State Bar No. 279392 |
| | Email: msnyder@wsgr.com |
| 3 | WILSON SONSINI GOODRICH & ROSATI |
| | Professional Corporation |
| 4 | 650 Page Mill Road |
| | Palo Alto, CA 94304-1050 |
| 5 | Telephone: (650) 493-9300 |
| | Facsimile: (650) 565-5100 |
| 6 | |
| | Attorneys for Plaintiff |
| 7 | CUTERA, INC. |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CUTERA, INC., | ) | CASE NO.: 2:20-CV-00235-KJM-DB |
| | ) | |
| Plaintiff, | ) | **DECLARATION OF KEVIN CLARKE IN SUPPORT OF PLAINTIFF'S *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUCTION AND ORDER RE PRESERVATION OF EVIDENCE** |
| v. | ) | |
| LUTRONIC AESTHETICS, INC., and Does 1-20. | ) | |
| Defendants. | ) | |
| | ) | Before: The Hon. Kimberly J. Mueller |
| | ) | Magistrate Judge Deborah Barnes |
| | ) | |
| | ) | Complaint Filed: January 31, 2020 |
| | ) | Jury Trial Demanded |

DECL OF CLARKE ISO EX PARTE
APPLICATION FOR TRO AND OSC RE
PRELIMINARY INJUNCTION; ORDER RE
PRESERVATION OF EVIDENCE
CASE NO. 2:20-CV-00235-KJM-DB

-1-

11410077_1.docx

I, Kevin Clarke, declare as follows:

1.  I am over the age of eighteen (18) years and have personal knowledge of the facts set forth herein. If called to testify, I could and would testify competently to the following facts.

2.  I am a Senior Forensic Consultant at Lighthouse Global, Inc. ("Lighthouse"), which provides consulting and expert services in the area of computer forensics, electronic discovery and other associated services to corporations, law firms and governments around the world.

3.  I have been involved in the field of Computer Forensics since 2004. Since that time, I have received over 300 hours of specialized training and education in the forensic examination of digital evidence and computer media. I have extensive experience in the forensic examination of digital evidence and computer media, and have performed or supervised over 100 computer forensic examinations, including e-discovery work conducted in connection with civil litigation. I routinely assist clients through the successful management of large-scale electronic discovery and computer forensics projects.

4.  I am a graduate of the Eastern Michigan University with a Bachelor of Science degree in Computer Science. Additionally, I have received the following professional computer forensics certifications: International Society of Forensic Computer Examiners, Certified Computer Examiner (CCE), Information Systems Audit and Control Association, Certified Information Systems Auditor (CISA), Guidance Software, EnCase Certified Examiner (EnCE), AccessData Certified Examiner (ACE), AccessData Mobile Certified Examiner (AME), and Magnet Forensics, Magnet Certified Forensic Examiner (MCFE).

5.  My complete CV is attached as **Exhibit A**.

6.  Lighthouse has participated in and led countless computer forensic investigations and electronic discovery efforts to facilitate the discovery of electronic evidence in support of criminal and civil lawsuits. Lighthouse is regularly designated as an expert and our team of computer forensic and electronic discovery specialists frequently provides expert witness testimony.

DECL OF CLARKE ISO EX PARTE
APPLICATION FOR TRO AND OSC RE
PRELIMINARY INJUNCTION; ORDER RE
PRESERVATION OF EVIDENCE
CASE NO. 2:20-CV-00235-KJM-DB

-2-

11410077_1.docx

7. Computer forensics is the process of preserving, identifying, analyzing, and documenting computer evidence stored in the form of magnetically encoded information (data) with the objective of uncovering relevant electronic information. Thorough computer forensic analysis performed by a skilled examiner can result in the reconstruction of the activities of a computer user, identification of the chronologically and contextual history of files, recovery of deleted information, and exploration of sensitive data, while producing information relevant to discovery.

8. Lighthouse was retained by Wilson Sonsini Goodrich & Rosati ("WSGR") on January 30, 2020 to conduct a forensic search of the computers owned by Cutera, Inc. ("Cutera"), and used by former Cutera employees during their employment with Cutera, including Larry Laber ("Laber"), John Yannocone ("Yannocone"), Jina Kim ("Kim"), Jonathan Baker ("Baker"), and Lauren D'Olympio ("D'Olympio") to determine the extent to which they contain evidence that these former employees copied, deleted, or otherwise removed content from Cutera's devices and networks.

9. Lighthouse received the following laptop computers used by Larry Laber, John Yannocone, Jina Kim, and Jonathan Baker:

- Larry Laber; MacBook Air, Serial Number C1MW90GYJ1WV, received 1/31/2020
- John Yannocone; Dell Laptop, Serial Number 5P1XJR2, received 2/3/2020
- Jina Kim; Dell Laptop, Serial Number 28HNLH2, received 2/6/2020
- John Baker; Dell Laptop, Serial Number DWB1WT2, received 2/6/2020
- Lauren D'Olympio, Microsoft Surface Pro, Serial Number 054024682553, received 2/6/2020

The hard drives were forensically (bit-stream) imaged using industry standard forensic software and hardware. A forensic or bit-stream image allows for the examination of the entire contents of the hard drive including active files, previously deleted data, as well as the system areas and free

space. The free space of the hard drive, also commonly referred to as unallocated space, may contain files and information that was once saved on the computer by the user or the computer's operating system and was later deleted.

10. On or about February 6, 2020, I conducted a forensic search of Laber's laptop hard drive. The preliminary search of Laber's hard drive has revealed the following relevant information:

- Through the examination of the forensic image of the hard drive, I identified that USB external storage devices were connected to the laptop on both January 17, 2020 and January 27, 2020. The artifacts typically used to determine what files or folders were transferred have been deleted or otherwise cleared. Based on my experience and the activity observed on the laptop, it is reasonable to conclude that the user transferred individual files and folders from the laptop to the external devices on one or both of these occasions. It is not possible to ascertain the types and volume of individual files and folders that may have been transferred to the external devices without a direct inspection of the USB storage devices. To date, these devices have not been provided to Cutera for examination.

- Based on the disk status logs, I was able to determine that on January 19, 2020, there was 171 GB of used space on the hard drive, but the final reading in the logs on January 31, 2020 shows only 55 GB of used space, which indicates that 116 GB of data had been deleted during that time span. Assuming a mix of Microsoft documents were deleted this would average approximately 83,000 pages per GB based on LexisNexis' estimates. Therefore, this deletion activity could have been the equivalent of more than 9 million printed pages. According to the File System Events logs (FSEvents), much of the deletion activity occurred on January 27, 2020. The deleted data included local versions of iChat messages, specifically chats with other employees who resigned the same day as Laber, including Kim and Baker.

DECL OF CLARKE ISO EX PARTE
APPLICATION FOR TRO AND OSC RE
PRELIMINARY INJUNCTION; ORDER RE
PRESERVATION OF EVIDENCE
CASE NO. 2:20-CV-00235-KJM-DB

-4-

11410077_1.docx

- The forensic search also determined that the user synchronized several documents to an online iCloud account. I was able to ascertain this because there were a number of files still located in the iCloud (Archive) folder and several files with an "iCloud" extension located on the computer. The iCloud (Archive) folder is created when a user disconnects their account and is used to store local versions of files that had previously been synchronized with the cloud. Some of the files recovered for the archive folders are listed below.
    - "ASP NA 2014-2018.xlsx"
    - "Copy of Dec Level 5 Deals 1.13.xlsx"
    - "Cutera 2015 Product Pricing Matrix 9 19 14 w Candela.xlsx"
    - "Cutera 2015 Product Pricing Matrix 9 19 14.xlsx"
    - "NA ASM_TM_2019_Plan.pdf"
    - "Q3 2019 Final 4 .xlsx"
    - "ROI- Template Universal and Configurable 12-18-20142.xlsx"
- In addition to the iCloud (Archive) folders, there are also files with a .icloud extension. The ".icloud" files are placeholders for files that have been stored in the cloud in order to save space on the local hard drive. Examples of files associated with the user's iCloud account include "Copy of sales demo June w pricing.xlsx.icloud", "Budget 2020 $[1] v1-22-20.xlsc.icloud", "Cutera NDA/.Cutera Customer NDA.docx.icloud", "TS3D Project/.Trusculpt financial model Marina.xlsx.icloud", "Secret RF Image/.NA DCMS_2017_Plan_FINAL_3.31.17.pdf.icloud," and "Old-Mail-ICLOUD/Inbox.mbox/.mbox.icloud." These file names were identified by Cutera as significant. Artifacts exhibiting iCloud activity were created as recently as January 27, 2020.

---

[1] The number has been redacted for confidentiality purposes.

- The forensic review of Google search history showed that the user conducted various internet searches on January 27, 2020. These searches included: "clear escents [sic] in excel", "cler [sic] imessage from mac", "remove all imessages from mac" and "delete recent document in office for mac." These Google searches are consistent with the deletion activity observed on the laptop.

- Based on the printer spool directory, Lighthouse was able to view images of three separate documents that the user sent to a printer from what appears to be a personal Gmail account (larry.laber89@gmail.com). One of these emails is entitled "Term Sheet as discussed on 11/10" and appears to be a summary of a job offer from Lutronic to Laber. This email was sent to the printer on November 19, 2019. On January 16, 2020, while still employed by Cutera, the user printed two documents entitled "Sales Rep Info.xlsx" and "12 Sales_performance Slides_2019_Dec US" respectively, which appear to be Lutronic material.

- The forensic search established that Haelyung Hwang, the CEO of Lutronic, appeared as a contact in Laber's Apple contacts list associated with his personal account on February 15, 2019. A second contact for "Jinyou" was added on May 8, 2019 which lists "Lutronic" as the organization. The search also demonstrated that a network profile entitled "Lutronic_Guest" was created on May 6, 2019, suggesting Laber's computer connected to Lutronic's wifi network on that date.

11. On or about February 7, 2020, my colleague, John Montegudo, of Lighthouse conducted a forensic search of Yannocone's hard drive. The search of Yannocone's hard drive revealed the following pertinent information:

- Through the examination of the forensic image of the laptop's hard drive, we identified that a Western Digital USB external storage device was connected to the laptop on January 7, 2020, at which point approximately 20 folders were copied from the laptop to the external drive. Based on the local version of these folders, they contain 3.16 GB of data. Based on a LexisNexis average of 83,000

DECL OF CLARKE ISO EX PARTE
APPLICATION FOR TRO AND OSC RE
PRELIMINARY INJUNCTION; ORDER RE
PRESERVATION OF EVIDENCE
CASE NO. 2:20-CV-00235-KJM-DB
-6-
11410077_1.docx

printed pages per GB this could be approximately 262,000 printed pages. Folders transferred to the external drive included the following titles: "2019 Price List & Commissions", "2019 rep info", "Coolsculpting accounts", "marketing", "pitches", "presentations", "region business plans", "top leads." These folders were transferred to the external device 10 days before Yannocone resigned from Cutera. To date, this external device has not been provided to Cutera for examination.

- The forensic search revealed that the folders copied to the Western Digital external drive included a folder entitled "personal." We determined that this folder was likely the same "personal" folder that was deleted from the laptop on January 27, 2020. Despite the attempt to delete the folder, the folder remains in the recycle bin on the laptop. From reviewing the contents of the folder in the recycle bin, the data included Cutera information, including documents entitled "Cutera Lasers Year End Discount" and "Greenway pitch." This suggests an attempt to delete Cutera information from the laptop on January 27, 2020.

- The forensic search also revealed that an external Generic USB flash drive was connected to the computer on January 25, 2020 at 10:22AM. To date, this external device has not been provided for examination.

- The forensic analysis of Explorer history found that on January 25, 2020, various files on the laptop were accessed minutes before the Generic USB flash drive was connected to the laptop, including files entitled:

    i. file:///C:/Users/jyannocone/Desktop/NA ASM_2015_Plan_FINAL_2.25.pdf (accessed at 10:15AM)

    ii. "file:///C:/Users/jyannocone/Desktop/NA ASM_TM_2017_Plan_FINAL_TEAM_NY_4.27.17.pdf" (accessed at 10:18AM)

DECL OF CLARKE ISO EX PARTE
APPLICATION FOR TRO AND OSC RE
PRELIMINARY INJUNCTION; ORDER RE
PRESERVATION OF EVIDENCE
CASE NO. 2:20-CV-00235-KJM-DB

-7-

11410077_1.docx

      iii. file:///C:/Users/jyannocone/Desktop/NA ASM_TM_2016_Plan_Vittal_Yannocone_2.24.26.pdf (accessed at 10:21AM)

12. On or about February 12, 2020, I conducted a forensic search of Jina Kim's laptop hard drive. The search of Kim's hard drive revealed the following pertinent information:

- Through the examination of the forensic image of the hard drive, I identified that a two terabyte "LaCie" USB external device was connected to the laptop on January 27, 2020. For reference, the internal hard drive of the computer is only 500GB. So, the external hard drive has the capacity to store four times the volume of data that the laptop's drive is capable of storing. Logs on the laptop indicate that the folder structure on the external device largely matches the folder structure of the computer. This folder structure is consistent with the user copying the contents of the Jina Kim user profile or certain folders within it. In fact, the folder structure reported to exist on the external device includes a top level folder entitled "E:\cutera\Jina PC," suggesting the folder contains all or substantially all of the contents of Kim's computer. Another folder accessed from the external device is entitled "E:\cutera\Marketing" which appears to be Cutera-related material. Without inspecting the LaCie external device however, it is impossible to identify the complete contents of the drive. To date, this LaCie external device has not been provided to Cutera for examination.

- In addition to the LaCie device, there were in excess of fifty external usb devices connected to the computer. Sixteen of these devices were last connected at some time after November 1, 2019.

- The forensic search shows that an exfiltration, i.e. removal or copying, of data of at least 250 GB likely occurred via Cloud, removable media, and email. Using the same LexisNexis average of about 83,000 pages per GB, this could be nearly 21 million printed pages of data that could have been taken. The only way to

DECL OF CLARKE ISO EX PARTE APPLICATION FOR TRO AND OSC RE PRELIMINARY INJUNCTION; ORDER RE PRESERVATION OF EVIDENCE CASE NO. 2:20-CV-00235-KJM-DB

-8-

11410077_1.docx

confirm this is to forensically analyze the external media, email and cloud accounts. Based upon the artifacts available, much of the copying activity to the LaCie device began November 7, 2019 and continued intermittently until January 28, 2020.

- The forensic search determined that on January 21, 2020, Kim downloaded and permanently deleted from the laptop a file entitled "jkim contacts.csv"
- There is evidence indicating that a folder entitled "E:\cutera\Jina PC\outlook_archive" was likely exfiltrated via an external media device, suggesting that all or substantially all of the contents of Kim's Cutera email archive was copied to an external device. Based on the local copy of the "outlook_archive" folder the amount of email taken would have been about 50 GB of Jina Kim's Cutera email. There are nearly 315,000 email messages contained within these two email files. The earliest reference to this folder being located on external media is November 7, 2019.
- The forensic search uncovered significant cloud activity via Dropbox. Files uploaded to a personal Dropbox account on January 17, 2020 include "C:/Users/jkim/Dropbox (Personal)/2020 Cutera NSM Short-v3.m4v ", "C:/Users/jkim/Dropbox (Personal)/cutera – marketing", "C:/Users/jkim/Dropbox (Personal)/cutera/NSM pics 2020". The artifacts associated with these files indicate that this activity occurred between January 14, 2020 and January 17, 2020.
- There is evidence of a mass deletion of files from the laptop on January 28, 2020. These were files that previously had been moved to the recycle bin, but action was then taken to permanently delete those items from the recycle bin.

13. On or about February 18, 2020, I conducted a forensic search of Jonathan Baker's computer. The search of Baker's hard drive revealed the following pertinent information:

- The forensic search has revealed several external media devices have been connected to the laptop. Most recently, a 1TB LaCie external device was last connected on January 19, 2020.
- There is evidence of several files and folders created on the LaCie external device on January 17, 2020 that appear to be Cutera related including "D:\Competition", "D:\Pricing", "D:\Sales Bible", "D:\Trusculpt", "D:\WORKSHOP", and "D:\XEO"
- There is evidence of deletion activity as recently as January 18, 2020. This activity includes deletion of "C:\Users\jbaker\Desktop\Secret", "C:\Users\jbaker\Desktop\Trusculpt", "C:\Users\jbaker\Desktop\Advanced Sales.pptx", "Copy of All truSculpt 3D and iD Customers.xlsx", "C:\Users\jbaker\Desktop\outstanding deals.xlsx", "Fwd Current customers.msg", "2015.02.23 North America Price List.pdf ", "RSM Forecast Worksheet.xlsx", "Baker - Rep Forecast Hit List.xlsx."

14. On or about February 18, 2020, my colleague, John Montegudo, conducted a forensic search of Lauren D'Olympio's computer. The initial results revealed the following pertinent information:

- There is evidence that the user emailed documents from her Cutera email account to a personal Gmail account (ldolympio@gmail.com), including an email on January 17, 2020, containing an attachment entitled "Cutera Suggested Pricing.doc."
- Cutera has advised that D'Olympio resigned from Cutera on January 25, 2020, without notice. On January 27, 2020, the user deleted numerous files that appear to contain Cutera and Lutronic information, including the following files: "XEO ROI.xls", "Boston Workshop 2018 Attendee List.xlsx", "Top 70 YE Account (1).xlsx", "Play by Play Q3.xlsx", "LD Top 20 Q2.xlsx", "Cutera Customers Last 4 Years.xlsx", "Escalate or Escalade Pitch.docx", "Master Territory List.htm",

DECL OF CLARKE ISO EX PARTE
APPLICATION FOR TRO AND OSC RE
PRELIMINARY INJUNCTION; ORDER RE
PRESERVATION OF EVIDENCE
CASE NO. 2:20-CV-00235-KJM-DB
-10-
11410077_1.docx

| | |
|---|---|
| 1 | "Genius – Lutronic.pptx", "Master Territory List_files", "NH ME Coolsculpt |
| 2 | accounts.xlsx", "TruSculptFlex Pitch.docx", "Gensis – Lutronic.pptx", "Target |
| 3 | Current Customers.xlsx", "LD Hitter List.xlsx", "Cutera Customers Last 3 |
| 4 | Years.xlsx", "Cutera Customers All Time.xlsx", "share-sales-metrials.lnk", "BTL |
| 5 | MASTER LIST with contact names.xlsx", "Q4 Top 40.xlsx.", "Cutera Suggested |
| 6 | Pricing.doc", and "2020 HIT LIST LETS FUCKING GO.docx." |

15. The forensic search of the Cutera-issued laptops of Laber, Yannocone, Kim, Baker, and D'Olympio has conclusively revealed that all laptops were accessed after the individuals resigned from employment with Cutera and that data on the laptops was manipulated, including, but not limited to, by being transferred off of the laptops and/or deleted from the laptops.

16. At this time Lighthouse has not been provided with any of the USB devices that were attached to the laptops nor access to any of the cloud storage accounts or email accounts that were used with these laptops. However, if the devices and account access are provided, Lighthouse can perform analyses in an effort to determine what Cutera data they may contain, including information regarding what documents were copied, transferred and/or deleted. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration is executed the 20th day of February, 2020, at South Lyon, MI.

*/s/ Kevin J. Clarke*
Kevin Clarke

DECL OF CLARKE ISO EX PARTE
APPLICATION FOR TRO AND OSC RE
PRELIMINARY INJUNCTION; ORDER RE
PRESERVATION OF EVIDENCE
CASE NO. 2:20-CV-00235-KJM-DB

-11-

11410077_1.docx

# EXHIBIT A



# Curriculum Vitae of Kevin Clarke

729 Seventh Avenue, Seventh Floor, New York, NY 10019 | (248) 392-2099 (direct) | kclarke@lighthouseglobal.com

**SUMMARY**

Mr. Clarke is a member of Lighthouse's Advisory Group.  In his role as a Senior Consultant, he serves as lead investigator on numerous digital forensic cases, provides expert witness services, and manages the collection of Electronically Stored Information ("ESI").  He consults with clients on issues related to electronic data collection, digital forensics, and e-Discovery services.

Mr. Clarke has a deep familiarity with industry standard forensic tools and techniques.  He has taken part in matters involving theft of intellectual property, spoliation, HR issues, business disputes, and divorce.  He has submitted affidavits and offered testimony in support of findings in forensic examinations.

**CERTIFICATIONS**

- International Society of Forensic Computer Examiners, Certified Computer Examiner **CCE**
- Information Systems Audit and Control Association, Certified Information Systems Auditor **CISA**
- AccessData, AccessData Certified Examiner **ACE**
- Magnet Forensics Certified Examiner **MCFE**
- Guidance Software, EnCase Certified Examiner **EnCe**
- Michigan State Licensed Professional Investigator, **P.I. #3701-205951**

**PROFESSIONAL EXPERIENCE**

- September, 2018-present – **Lighthouse, Senior Consultant**
- August, 2017-August, 2018 – **HaystackID, Senior Forensic Examiner**
- March, 2014-August, 2017 – **Computing Source, Director Of Forensics**
- July, 2013 – February, 2014 – **Xerox Legal Services, Manager**
- October, 2010 – July, 2013 – **Stout Risius Ross, Manager**
- December, 2005 – September, 2010 – **LexisNexis Applied Discovery, E-Discovery Consultant**

**EDUCATION**

- Bachelor of Science, **Computer Science**, Eastern Michigan University - 2004



**CONTINUING EDUCATION AND PROFESSIONAL DEVELOPMENT**

- Magnet Forensics – Advanced Forensics AX250 4/2019
- Opentext – Enfuse 5/2018
- SEAK – Expert Witness Conference 11/2015
- CEIC – Guidance Software User Conference 05/2015
- ADUC – Access Data User Conference 05/2014
- CEIC – Guidance Software User Conference 05/2013
- Relativity – Admin\User Assisted Review – 06/2012
- LexisNexis Law Administrator – 11/2010
- Clearwell – Clearwell Certified Administrator – 10/2010
- Access Data - Windows Vista Forensics 7/2008
- Digital Intelligence - Network Forensics Essentials 04/2007

**LITGATION SUPPORT EXPERIENCE**

- 2010 through 2014 – Served as a key expert in support of one of the largest DOJ antitrust cases. Personally collected, processed and searched terabytes of data from desktops, laptops, and servers locally, nationally and internationally. Supported the review and management of documents in numerous Concordance and Relativity databases.
- 2014 – Provided data collection and computer forensic services involving a large auto parts recall. Personally collected over 20 TB of data from laptops, desktops, servers and mobile devices for use in the case.
- 2006 through present – Participated in numerous ESI collections on behalf of various clients, including Fortune 100 companies.
- 2010 through present – Conducted numerous computer forensic investigations in various different cases, including wire fraud, intellectual property theft, business dispute, divorce and many other cases. Investigations included analysis of computers, mobile devices, email, social media and other associated devices.
- 2014 –Provided complex computer forensic services in a business trade secrets case. Successfully proved highly sophisticated anti-forensic activities, spoliation and misrepresentation resulting in one of the earliest, if not only, "death sentence" sanctions for spoliation. Case was ultimately dismissed and client was awarded costs (Oakland County Circuit Court).
- 2014 – Aided the FBI by providing computer forensic services in relation to a child abuse and exploitation case.



**REPRESENTATIVE EXPERT TESTIMONY EXPERIENCE**

- *4D Systems LLC, Jean-Pierre Rasaiah, and Keith Colman*, in Oakland County Circuit Court, Case Number 13-138043 CK. Provided written affidavit in support of forensic examination. (2014)
- *Mary K. Stumbo and Gregory D. Stumbo v. Dwyer Concrete Lifting of Lexington, Inc., et.al. and USF Insurance Company n/k/a Atain Specialty Insurance Company,* in Commonwealth of Kentucky - Floyd Circuit Court, Case Number 06-CI-00116. Provided written affidavit in support of forensic examination. (2014)
- *Michigan Judicial Tenure Commission v. Judge Wade McCree,* in Wayne County Circuit Court, Formal Complaint no. 93. Provided written affidavit in support of forensic examination as well as testimony in court. (2012)
- *Daniel R. Arban v. Premier Business Products, Inc.,* American Arbitration Association, Case Number 01-14-0001-7180 and 01-14-0001-6939. Provided testimony at arbitration. (2016)
- *Alliance Material Handling, Inc. v. Lori McLaren, Automated Media, Inc. and Gerald Gentile,* in Oakland County Circuit Court, Case Number 2015-146387-CZ. Provided written affidavit in support of forensic examination. (2015)
- *Loxo Oncology, Inc. v Array Biopharma, Inc.,* in US District Court for the District of Colorado. Provided two written affidavits in support of forensic examination. (2019)