1  ULRICO S. ROSALES, State Bar No. 139809
   Email: rrosales@wsgr.com
2  MEAGHAN SNYDER, State Bar No. 279392
   Email: msnyder@wsgr.com
3  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
4  650 Page Mill Road
   Palo Alto, CA 94304-1050
5  Telephone: (650) 493-9300
   Facsimile:  (650) 565-5100

   Attorneys for Plaintiff
   CUTERA, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CUTERA, INC., <br><br> Plaintiff, <br><br> v. <br><br> LUTRONIC AESTHETICS, INC., and Does 1-20. <br><br> Defendants. | 2:20-CV-00235-KJM-DB <br><br> **[PROPOSED] ORDER GRANTING PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION AND ORDER RE PRESERVATION OF EVIDENCE** <br><br> Judge: The Honorable Kimberly J. Mueller <br><br> Complaint Filed: January 31, 2020 <br> Jury Trial Demanded |

[PROPOSED] ORDER GRANTING PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION AND ORDER RE PRESERVATION OF EVIDENCE

-1-

11396651_1.docx

On February 20, 2020, Plaintiff Cutera, Inc. ("Cutera" or "Plaintiff") presented its *Ex Parte* Application for Temporary Restraining Order, Order to Show Cause re: Preliminary Injunction, and Order re: Preservation of Evidence to this Court. The Court, having considered the argument of counsel and the papers submitted with this matter, and for good cause shown, HEREBY ORDERS that the Application is GRANTED, as more fully set forth herein. Defendant Lutronic is hereby notified of its right to apply to the Court for modification or dissolution of the Order on two (2) days' notice or such shorter notice as the Court may allow.

**TEMPORARY RESTRAINING ORDER**

The Court has found that good cause exists for issuance of a Temporary Restraining Order as Plaintiff has shown (1) the existence of protectable trade secret information and that Defendant Lutronic's use or threatened use of said trade secret information will damage Plaintiff by causing Plaintiff loss of business and business advantage; (2) irreparable harm will occur absent an injunction as lost business and business advantage cannot be repaired with a monetary award; (3) the balance of equities favors Plaintiff as the effect of the injunction is to preserve the status quo; and (4) injunctive relief would support the strong public interest in favor of protecting trade secrets.

Pending hearing on the Order to Show Cause, Defendant Lutronic Aesthetics, Inc., as well as all of its affiliates, officers, directors, shareholders, and employees (including the Former Cutera Employees, as defined in the Cutera's application) (together, "Defendant") and its related entities (together "Lutronic") is hereby RESTRAINED, ENJOINED AND ORDERED as follows:

1. Defendant is PROHIBITED from employing former Cutera employees Larry Laber, John Yannocone, Jonathan Baker and Jina Kim (the "Former Cutera Employees") in any sales or marketing role involving the sale or marketing of Lutronic products or services that compete with any actual Cutera products or services, or those Cutera had under development, or reasonably contemplated during the Former Cutera Employees' employment with Cutera;

2. Defendant is ENJOINED AND RESTRAINED from, personally or through any other person, hiring, or directly or indirectly encouraging, inducing, recruiting, soliciting, or taking any other action that is intended to encourage, induce, recruit, or solicit, any sales or marketing persons employed by Cutera since November 1, 2019, to leave his, her, or its employment or service with Cutera, or to take away Cutera employees, contractors, consultants, or other similar service providers to accept employment, or enter into any consulting arrangement, with Lutronic;

3. Defendant is ENJOINED AND RESTRAINED from, for the benefit of Lutronic or otherwise, directly or indirectly, obtaining, retaining, using, transmitting, disseminating, or disclosing, or attempting to obtain, retain, use, transmit, disseminate, or disclose, any Cutera confidential, proprietary, or trade secret information, including any Cutera product, customer (actual or potential), sales, marketing, or pricing information ("Trade Secret Information");

4. Defendant is ENJOINED AND RESTRAINED from, directly or indirectly, soliciting for the purpose of conducting business, any Cutera actual or potential customer with whom any of the Former Cutera Employees had business contact or communications, or called upon, during one (1) year period prior to date of this Order;

5. Defendant is REQUIRED to identify all desktop and laptop computers, internal and external hard drives, USB storage devices, "flash drives," "thumb drives," memory cards, non-commercial read/writable optical media (including CD-ROMs and DVD-ROMs), cloud storage (including iCloud and DropBox) accounts, personal email accounts, tablet devices (including iPads), and smart phones (collectively "Media"), belonging to or in the Former Cutera Employees' possession, custody, or control that (a) have been used by the Former Cutera Employees during the two year period prior to the entry of this Order to perform business or services for Cutera; (b) have been used by the Former Cutera Employees to perform business or services for Lutronic; or (c) that Lutronic, in good faith, believes contain any Cutera Trade Secret Information (together the "Identified Media");

[PROPOSED] ORDER GRANTING
PLAINTIFF'S APPLICATION FOR
TEMPORARY RESTRAINING ORDER AND
ORDER TO SHOW CAUSE RE:
PRELIMINARY INJNCTIN AND ORDER RE
PRESERVATION OF EVIDENCER

-3-

11396651_1.docx

6. Defendant is REQUIRED to produce, within three (3) business days of this Order, the Identified Media to Cutera or allow Cutera's agents, including independent computer forensic experts, to forensically preserve and mirror/image said Identified Media (the mirrored data shall be maintained by Cutera's counsel as highly confidential – Attorneys' Eyes Only until such time as the Court designates any portion thereof);

7. Defendant is REQUIRED to identify all passwords and processes necessary to obtain access to any operating system, database, server, software, file, or storage location (including on-line or "cloud" storage) for said Identified Media;

8. Defendant is REQUIRED, within three (3) business days, to the extent Defendant has not already done so, to return to Cutera any and all Cutera materials containing Cutera Trade Secret Information, in its possession, custody, or control, including, but not limited to, whether original or duplicate, emails, documents, records, files that the Former Cutera Employees removed, obtained, or otherwise derived from Cutera's offices or current or former employees or contractors of Cutera, and including information pertaining to Cutera's products, customers, sales or marketing activities.

## ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION

Defendant is ordered to appear on _____, 2020 at _____ a.m. in Department _____ to show cause why a preliminary injunction should not be granted and why should not be RESTRAINED and ENJOINED pending trial as follows:

1. Defendant is PROHIBITED from employing former Cutera employees Larry Laber, John Yannocone, Jonathan Baker and Jina Kim (the "Former Cutera Employees") in any sales or marketing role involving the sale or marketing of Lutronic products or services that compete with any actual Cutera products or services, or those Cutera had under development, or reasonably contemplated during the Former Employees' employment with Cutera;

2. Defendant is ENJOINED AND RESTRAINED from, personally or through any other person, hiring, or directly or indirectly encouraging, inducing, recruiting, soliciting, or taking any other action that is intended to encourage, induce, recruit, or solicit, any sales or

marketing persons employed by Cutera since November 1, 2019, to leave his, her, or its employment or service with Cutera, or to take away Cutera employees, contractors, consultants, or other similar service providers to accept employment, or enter into any consulting arrangement, with Lutronic for a period of two (2) years from the date the Former Cutera Employees left employment with Cutera on January 17, 2020;

3. Defendant is ENJOINED AND RESTRAINED from, for the benefit of Lutronic or otherwise, directly or indirectly, obtaining, retaining, using, transmitting, disseminating, or disclosing, or attempting to obtain, retain, use, transmit, disseminate, or disclose, any Cutera confidential, proprietary, or trade secret information, including any Cutera product, customer (actual or potential), sales, marketing, or pricing information ("Trade Secret Information");

4. Defendant is ENJOINED AND RESTRAINED from, directly or indirectly, soliciting for the purpose of conducting business, any Cutera actual or potential customer with whom any of the Former Cutera Employees had business contact or communications, or called upon, during one (1) year period prior to date of this Order, for a period of two (2) years from the date the Former Cutera Employees left employment with Cutera on January 17, 2020;

5. Defendant is REQUIRED to identify all desktop and laptop computers, internal and external hard drives, USB storage devices, "flash drives," "thumb drives," memory cards, non-commercial read/writable optical media (including CD-ROMs and DVD-ROMs), cloud storage (including iCloud and DropBox) accounts, personal email accounts, tablet devices (including iPads), and smart phones (collectively "Media"), belonging to or in the Former Cutera Employees' possession, custody, or control that (a) have been used by the Former Cutera Employees during the two year period prior to the entry of this Order to perform business or services for Cutera; (b) have been used by the Former Cutera Employees to perform business or services for Lutronic; or (c) that Lutronic, in good faith, believes contain any Cutera Trade Secret Information (together the "Identified Media");

6. Defendant is REQUIRED to produce, within three (3) business days of this Order, the Identified Media to Cutera or allow Cutera's agents, including independent computer

forensic experts, to forensically preserve and mirror/image said Identified Media (the mirrored data shall be maintained by Cutera's counsel as highly confidential – Attorneys' Eyes Only until such time as the Court designates any portion thereof);

7. Defendant is REQUIRED to identify all passwords and processes necessary to obtain access to any operating system, database, server, software, file, or storage location (including on-line or "cloud" storage) for said Identified Media;

8. Defendant is REQUIRED, within three (3) business days, to the extent Defendant has not already done so, to return to Cutera any and all Cutera materials containing Cutera Trade Secret Information, in their possession, custody, or control, including, but not limited to, whether original or duplicate, emails, documents, records, files that the Former Cutera Employees removed, obtained, or otherwise derived from Cutera's offices or current or former employees or contractors of Cutera, and including information pertaining to Cutera's products, customers, sales or marketing activities.

The above temporary restraining order is effective on Plaintiff's filing a bond in the sum of $_____.

The Order to Show Cause and supporting papers shall be served on Defendants no later than _____, 2020, by hand-delivery or electronically.

The following briefing schedule shall apply:

_____

Any opposition papers to the OSC shall be filed and served by hand-delivery no later than _____, 2020 at 4:00 p.m., and be served electronically at that time.

Any reply papers in support of the OSC shall be filed and served by hand-delivery no later than _____, 2020 at 4:00 p.m., and be served electronically at that time

The restraining order granted herein on _____ at _____ shall expire on _____, 2020.

**ORDER RE: PRESERVATION OF EVIDENCE**

IT IS FURTHER ORDERED THAT:

Defendant, as well as all of its affiliates, officers, directors, shareholders, and employees (including the Former Cutera Employees, as defined in the Cutera's application) (together, "Defendant") shall be ORDERED to preserve all evidence in accordance with applicable state rules, and to CEASE, DESIST AND REFRAIN from accessing, retrieving, copying, deleting, destroying, removing, altering, modifying, concealing, spoliating, secreting, transmitting or disseminating any documents or information relating to this lawsuit in any way, no matter where such information resides, including any documents or information stored on any computer or Media (as defined in the temporary restraining order). Documents shall be defined as that term is used in the California Code of Civil Procedure. This order includes all documents relating to Plaintiff's Trade Secret Information (as defined in the temporary restraining order), business information pertaining to Cutera's products, customers, sales or marketing activities, the individual Defendants' employment with Plaintiff or Lutronic, and Defendants' communications (including emails, texts (including WhatsApp and iMessages), chats, with Plaintiff and/or Lutronic, as well as their respective employees, contractors, customers, competitors, vendors, suppliers or agents since January 1, 2019.

IT IS SO ORDERED.

Dated: February __, 2020

_____
Judge

[PROPOSED] ORDER GRANTING PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJNCTIN AND ORDER RE PRESERVATION OF EVIDENCER         -7-         11396651_1.docx