DANA J. FINBERG (SBN 257459)
SARA T. SCHNEIDER (SBN 298103)
JAKE CHRISTENSEN (SBN 327898)
JULIA E. JOHNSON (SBN 315625)
**ARENT FOX LLP**
55 Second Street, 21st Floor
San Francisco, CA  94105-3470
Telephone:   415.757.5500
Facsimile:    415.757.5501

Attorneys for Defendant
LUTRONIC AESTHETICS, INC.

[Complete list of counsel on signature page]

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| CUTERA, INC., | Case No.  2:20-CV00235-KJM-DB |
| Plaintiff, | The Honorable Kimberly J. Mueller<br>Magistrate Judge Deborah Barnes |
| v. | |
| LUTRONIC AESTHETICS, INC., | **JOINT RULE 26(f) CONFERENCE REPORT AND JOINT STATUS REPORT** |
| Defendant. | Date:    April 24, 2020<br>Time:    10:00 a.m.<br>Crtrm:   3 |
| | Complaint Filed:  January 31, 2020<br>Jury Trial Demanded |

Pursuant to Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure, and in accordance with the Court's February 11, 2020 Minute Order (ECF No. 13), Plaintiff Cutera, Inc. ("Cutera") and Defendant Lutronic Aesthetics, Inc. ("Lutronic") (collectively, the "Parties") hereby submit this Joint Status Report regarding the status of the case and Lutronic's compliance with the Court's Order of March 13, 2020 (ECF No. 22) in advance of the April 24 Status (Pretrial Scheduling) Conference and Hearing with the Court. The Parties have noted where they have different positions in the text below.

Pursuant to the Civil Local Rule 240(b), the Parties hereby set forth their positions, jointly or individually, on the following issues:

### 1. Jurisdiction, Service, and Venue

The basis for the Court's subject matter jurisdiction in this case is the diversity of citizenship of the Parties, 28 U.S.C. § 1332(a), because the amount in controversy exceeds $75,000.00, and the Parties are citizens of different states. Lutronic, the named Defendant in the case, accepted service. Lutronic does not dispute the Court's jurisdiction but does dispute that this Court is the most convenient venue for the Parties to litigate this case, as explained more fully in Lutronic's Motion to Change Venue (ECF No. 5). Cutera asserts that this Court is the proper venue for the reasons it will set forth in its Opposition to Lutronic's Motion to Change Venue.

### 2. The Facts of the Case

Lutronic and Cutera are competitors in the medical device industry and are respectively based in Massachusetts and California. The Parties offer patented cosmetic devices, proprietary techniques, and other technology and services that dermatologists and other medical professionals use to treat their patients' skin conditions. Cutera alleges that Lutronic engaged in alleged trade secret misappropriation and other violations more fully enumerated in its Complaint. Cutera's Complaint generally alleges that former Cutera employees, including Larry Laber, Jonathan Baker, John Yannocone, and Jina Kim, each agents of Lutronic, intentionally retained, transferred, and deleted Cutera trade secret information and have actually used, and threaten to use, Cutera's trade secret information to Cutera's detriment and Lutronic's benefit.

While Lutronic has not yet answered Cutera's allegations due to the pendency of Lutronic's Motions to Dismiss and Transfer Venue (ECF Nos. 4 and 5, respectively), Lutronic denies that the allegations set forth in Cutera's Complaint set forth wrongful actions by Lutronic sufficient to prove misappropriation of Cutera's alleged Trade Secret information and related claims. Lutronic denies the allegations set forth above and further denies all of the allegations in the Complaint in their entirety.

**3.     Legal Issues**

Cutera's Complaint asserts claims of misappropriation of trade secrets under the California Uniform Trade Secrets Act, Cal. Civ. Code § 3246 *et seq.*; the federal Defend Trade Secrets Act, 18 U.S.C. § 1836; the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.*; tortious interference with contractual relations; tortious interference with prospective economic advantage; unfair competition, California Business & Professions Code § 17200; and aiding and abetting.

As more fully set forth in Lutronic's pending motion to dismiss (D.I. 4), Lutronic disputes that Cutera has stated any claim upon which relief may be granted.

No other legal issues are ripe for the Court's decision at this time.

**4.     Pending Motions**

On March 13, 2020, the Court entered a temporary restraining order (ECF No. 22) requiring Lutronic to preserve evidence and issued an order to show cause why a preliminary injunction should not issue that is currently scheduled to be heard on April 24, 2020. On April 7, 2020, the Parties filed a Stipulation and [Proposed] Order to Show Cause Re Preliminary Injunction (D.I. 26 and 26-1, respectively) pursuant to which the Parties asked the Court to enter a preliminary injunction as specified in the proposed order and to vacate the briefing schedule and hearing date as to the order to show cause.

Lutronic has filed Motions to Dismiss and Change Venue (ECF Nos. 4 and 5, respectively). Pending the Court's decision on Lutronic's motions, both Parties anticipate filing dispositive motions for summary judgment or summary adjudication. Neither Cutera nor Lutronic intends to seek class certification. No other motions are pending or anticipated at this time.

**5.     Amendment of the Pleadings**

Subject to the Court's ruling on Lutronic's pending Motion to Dismiss, the Parties do not anticipate a need to amend the pleadings at this time. However, the Parties reserve their rights to do so, with leave of the Court on a showing of good cause.

**6.     Joinder**

As of the filing of this Report, neither Cutera nor Lutronic contemplates joining any additional party to this action. Both Parties reserve the right to join a party, upon noticed motion, if deemed necessary pursuant to law or otherwise appropriate.

**7.     Evidence Preservation**

All Parties and their counsel are aware of their duties to preserve evidence that may be relevant to this action, and specifically pursuant to this Court's March 13, 2020 Order (ECF No. 22). The Parties have confirmed that they have enforced appropriate litigation preservation holds covering the scope of this action. The Parties do not presently contemplate any unique issues with the disclosure or discovery of electronically stored information. The Parties anticipate submitting to the Court an agreed-upon protective order prior to April 24, 2020.

**8.     Disclosures**

The Parties agree to exchange their initial disclosures in accordance with Federal Rule of Civil Procedure 26 on or before May 1, 2020.

**9.     Discovery**

The Parties have agreed to follow the Federal Rules of Civil Procedure and to limit the number of depositions per side to ten (10).

The Parties are meeting and conferring regarding forensic protocols for the review of the Former Cutera Employees' accounts and devices and the Cutera and Lutronic laptops issued to the Former Cutera Employees.

On March 30, 2020, Lutronic served its initial set of requests for production and interrogatories.

At this time, the Parties agree that it is premature to set a discovery deadline.

//

**10. Proposed Modifications**

The Parties do not request any modification of the standard pretrial proceedings at this time as there is no "special nature" to the subject action.

**11. Narrowing of Issues**

The Parties will discuss the formulation and simplification of the issues presented in this action, including elimination of frivolous claims and defenses. At this time, the Parties have not been able to identify any issues, claims, or defenses that can currently be narrowed by agreement. The Parties will revisit this issue at the time of dispositive motions and trial, however.

**12. No Consent to Magistrate Judge for All Purposes**

The Parties do not consent to a magistrate judge's conducting of further proceedings in this matter.

**13. Other References**

At this time, the Parties do not believe that special procedures, including reference of this action to a special master, is appropriate. In the event, however, that the Parties are unable to agree to a forensics protocol by the time of the April 24 Status (Pretrial Scheduling) Conference, Cutera may request reference to a special master.

**14. Trial**

The Parties believe that the scheduling and estimation of time for a trial in this action is premature and should be reserved until after the Court rules on Lutronic's Motions to Dismiss and Change Venue, which will determine the venue, scope, length, and timing of the trial. The Parties will be prepared to propose a schedule through trial following the Court's ruling on these motions.

**15. Disclosure of Non-party Interested Entities or Persons**

Lutronic filed its Corporate Disclosure Statement pursuant to Fed. R. Civ. P. 7.1 on February 10, 2010 (D.I. 6). Cutera's disclosure pursuant to Fed. R. Civ. P. 7.1 is forthcoming.

**16. Relationship to Other Cases/Bankruptcy**

Cutera has also initiated arbitration, *Cutera Inc. v. Larry Laber*, et. al, JAMS, Reference No. 1110025250, against former Cutera employees and current Lutronic employees, Larry Laber, John Yannocone, and Jonathan Baker. Cutera intends to add additional former Cutera employees,

who are current Lutronic employees, to the JAMS arbitration. No known bankruptcy proceedings in relation to this action exist.

### 17. Other Local Rule 240 Matters

#### a. Settlement

The parties have had preliminary discussions about potential settlement.

#### b. Pretrial Statements

Pretrial statements, whether filed separate or jointly, will be timely filed in accordance with the schedule set forth in Local Rule 281 in advance of the Parties' final pretrial conference with the Court.

#### c. Alternative Dispute Resolution

The Parties have discussed the appropriateness of alternative dispute resolution, including the Eastern District's Voluntary Dispute Resolution Program, and do not believe it would be appropriate at this time.

### 18. Other Matters

The Parties are unaware of any other matters that need to be presented to the Court at this time.

Respectfully submitted by counsel for the Parties this 9th day of April, 2020 in San Francisco, California.

/s/ *Ulrico S. Rosales*
ULRICO S. ROSALES (SBN 139809)
MEAGHAN SNYDER (SBN 279392)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100

*Attorneys for Plaintiff*
CUTERA, INC.


/s/ *Dana J. Finberg*
DANA J. FINBERG
SARA T. SCHNEIDER
JAKE CHRISTENSEN
JULIA E. JOHNSON

*Attorneys for Defendant*
LUTRONIC AESTHETICS, INC.

JOINT RULE 26(f) CONFERENCE REPORT AND JOINT STATUS REPORT

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of April, 2020, a true and correct copy of the foregoing document was filed electronically with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

By:    /s/ *Dana J. Finberg*
         Dana J. Finberg