DANA J. FINBERG (SBN 257459)
SARA T. SCHNEIDER (SBN 298103)
JAKE CHRISTENSEN (SBN 327898)
**ARENT FOX LLP**
55 Second Street, 21st Floor
San Francisco, CA  94105-3470
Telephone:    415.757.5500
Facsimile:    415.757.5501

Attorneys for Defendant
LUTRONIC AESTHETICS, INC.

ULRICO S. ROSALES (SBN 139809)
MEAGHAN SNYDER (SBN 279392)
**WILSON SONSINI GOODRICH & ROSATI**
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300

Attorneys for Plaintiff
CUTERA, INC.

## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CUTERA, INC., | No.  2:20-cv-0235-KJM-DB |
| Plaintiff, | |
| v. | |
| LUTRONIC AESTHETICS, INC., | **STIPULATION TO FILE PROTECTIVE ORDER AND PROTECTIVE ORDER** |
| Defendant. | |

Plaintiff Cutera, Inc. ("Plaintiff") and Defendant Lutronic Aesthetics, Inc. ("Defendant"), together the "Parties," by and through their respective counsel of record, hereby stipulate as follows:

1.      The Parties met and conferred as required by Fed. R. Civ. P. 26(f).

2.      A protective order is needed to protect confidential information likely to be elicited through discovery in this matter.

3.      The Parties respectfully request that the Proposed Stipulated Protective Order, filed

1   concurrently herewith, is made a binding order in the above-captioned matter.

2        IT IS SO STIPULATED.

3

4   DATED: May 6, 2020           **ARENT FOX LLP**

5

6                        */s/ Dana J. Finberg*
                     DANA J. FINBERG (SBN 257459)

7                        SARA T. SCHNEIDER (SBN 298103)
                     JAKE CHRISTENSEN (SBN 327898)

8                        *Attorneys for Defendant*

9                        LUTRONIC AESTHETICS, INC.

10  DATED: May 6, 2020           **WILSON SONSINI GOODRICH & ROSATI**

11

12                       */s/ Ulrico S. Rosales*
                     ULRICO S. ROSALES (SBN 139809)

13                       MEAGHAN SNYDER (SBN 279392)
                     WILSON SONSINI GOODRICH & ROSATI

14                       650 Page Mill Road
                     Palo Alto, CA 94304-1050

15                       Telephone: (650) 493-9300

16                       *Attorneys for Plaintiff*
                     CUTERA, INC.

17                       **ATTESTATION**

18       I hereby attest that concurrence in the filing of this document has been obtained from

19  every Signatory.

20

21                       */s/ Dana J. Finberg*
                     DANA J. FINBERG (SBN 257459)

22

23

24

25

26

27

28

1
2
3
4
5
6
7

8    UNITED STATES DISTRICT COURT

9    EASTERN DISTRICT OF CALIFORNIA

10
11
12

| | |
|---|---|
| 13  CUTERA, INC., | No. 2:20-cv-0235-KJM-DB |
| 14         Plaintiff, | STIPULATED PROTECTIVE ORDER RE MAINTAINING CONFIDENTIALITY IN DISCLOSURE AND DISCOVERY OF PROTECTED INFORMATION |
| 15      v. | |
| 16  LUTRONIC AESTHETICS, INC., | |
| 17         Defendant. | |

18    1.    PURPOSES AND LIMITATIONS

19          Because this action involves, *inter alia*, claims of misappropriation of trade secrets,

20    disclosure and discovery activity in this action are likely to involve production of confidential,

21    proprietary, or private information for which special protection from public disclosure and from

22    use for any purpose other than prosecuting, defending, or attempting to settle this litigation may be

23    warranted. Accordingly, Cutera, Inc. and Lutronic Aesthetics, Inc. (the "Parties") hereby stipulate

24    to and petition the Court to enter the following Stipulated Protective Order ("Order").

25          The Parties acknowledge that this Order does not confer blanket protections on all

26    disclosures or responses to discovery and that the protection it affords from public disclosure and

27    use extends only to the limited information or items that are entitled to confidential treatment under

28    the applicable legal principles. The Parties further acknowledge, as set forth in section 12.3 (Filing

Protected Material), below, that this Order does not entitle them to file confidential information under seal; Federal Rules of Civil Procedure 5.2, 7, and 26, as well as Local Rules 141, 141.1, 143, and 251, set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

2.      <u>DEFINITIONS</u>

2.1      <u>Challenging Party</u>:   a Party or Non-Party that challenges the designation of information or items under this Order.

2.2      <u>"CONFIDENTIAL" Information or Items</u>:   information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3      <u>Counsel (without qualifier)</u>:  Outside Counsel of Record and House Counsel, as well as their support staffs.

2.4      <u>Designated House Counsel</u>:   House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this action.

2.5      <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

2.6      <u>Disclosure or Discovery Material</u>:   all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7      <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who:  (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.///

2.8      <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>:  extremely sensitive "Confidential Information or Items," disclosure of which to another

Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9     House Counsel:   attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11    Outside Counsel of Record:   attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.12    Party:  any Party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13    Producing Party:   a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.14    Professional Vendors:   persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15    Protected Material:   any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.16    Receiving Party:   a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also:  (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by the Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of

1   publication not involving a violation of this Order, including becoming part of the public record

2   through trial or otherwise; and (b) any information known to the Receiving Party prior to the

3   disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the

4   information lawfully and under no obligation of confidentiality to the Designating Party. Any use

5   of Protected Material at trial shall be governed by a separate agreement or order.

6   4.      DURATION

7         Even after final disposition of this litigation, the confidentiality obligations imposed by this

8   Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

9   otherwise directs. Final disposition shall be deemed to be the later of:  (1) dismissal of all claims

10  and defenses in this action, with or without prejudice; and (2) final judgment herein after the

11  completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

12  including the time limits for filing any motions or applications for extension of time pursuant to

13  applicable law.

14  5.      DESIGNATING PROTECTED MATERIAL

15        5.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party

16  or Non-Party that designates information or items for protection under this Order must take care to

17  limit any such designation to specific material that qualifies under the appropriate standards. To the

18  extent it is practical to do so, the Designating Party must designate for protection only those parts

19  of material, documents, items, or oral or written communications that qualify – so that other

20  portions of the material, documents, items, or communications for which protection is not

21  warranted are not swept unjustifiably within the ambit of this Order.

22        Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown

23  to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily

24  encumber or retard the case development process or to impose unnecessary expenses and burdens

25  on other Parties) expose the Designating Party to sanctions.

26        If it comes to a Designating Party's attention that information or items that it designated for

27  protection do not qualify for protection at all or do not qualify for the level of protection initially

28  asserted, that Designating Party must promptly notify all other Parties that it is withdrawing or

1  amending the mistaken designation.

2       5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order

3  (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

4  Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

5  designated before the material is disclosed or produced.

6       Designation in conformity with this Order includes the following requirements:

7       (a) for information in documentary form (*e.g.*, paper or electronic documents, but

8  excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party

9  affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

10 ONLY" to each page that contains protected material. If only a portion or portions of the material

11 on a page qualifies for protection, the Producing Party also must clearly identify the protected

12 portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion,

13 the level of protection being asserted.

14      A Party or Non-Party that makes original documents or materials available for inspection

15 need not designate them for protection until after the inspecting Party has indicated which material

16 it would like copied and produced. During the inspection and before the designation, all of the

17 material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –

18 ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants

19 copied and produced, the Producing Party must determine which documents, or portions thereof,

20 qualify for protection under this Order. Then, before producing the specified documents, the

21 Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY

22 CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains Protected Material.

23 If only a portion or portions of the material on a page qualifies for protection, the Producing Party

24 also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the

25 margins) and must specify, for each portion, the level of protection being asserted.

26      (b) for testimony given in deposition or in other pretrial or trial proceedings, that the

27 Designating Party identify on the record, before the close of the deposition, hearing, or other

28 proceeding, all protected testimony and specify the level of protection being asserted. When it is

1    impractical to identify separately each portion of testimony that is entitled to protection and it

2    appears that substantial portions of the testimony may qualify for protection, the Designating Party

3    may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right

4    to have up to 21 days to identify the specific portions of the testimony as to which protection is

5    sought and to specify the level of protection being asserted. Only those portions of the testimony

6    that are appropriately designated for protection within the 21 days shall be covered by the

7    provisions of this Order. Alternatively, a Designating Party may specify, at the deposition or up to

8    21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as

9    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

10    **Parties shall give the other Parties notice if they reasonably expect a deposition,**

11    **hearing or other proceeding to include Protected Material so that the other Parties can ensure**

12    **that only authorized individuals who have signed the "Acknowledgment and Agreement to**

13    **Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit**

14    **at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or**

15    **"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."**

16    **Transcripts containing Protected Material shall have an obvious legend on the title**

17    **page that the transcript contains Protected Material, and the title page shall be followed by a**

18    **list of all pages (including line numbers as appropriate) that have been designated as**

19    **Protected Material and the level of protection being asserted by the Designating Party. The**

20    **Designating Party shall inform the court reporter of these requirements. Any transcript that**

21    **is prepared before the expiration of a 21-day period for designation shall be treated during**

22    **that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES**

23    **ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the**

24    **transcript shall be treated only as actually designated.**

25    (c) for information produced in some form other than documentary and for any other

26    tangible items, that the Producing Party affix in a prominent place on the exterior of the container

27    or containers in which the information or item is stored the legend "CONFIDENTIAL" or

28    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the

information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice to the Designating Party of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of this Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (orally, by phone or in person; other forms of communication are not sufficient) within 14 days of the date of the Challenging Party's service of notice. In meeting and conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet-and-confer process first or establishes that the Designating Party is unwilling to participate in the meet-and-confer process in a timely manner.

6.3    Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Local Rule 251 (and in compliance with Local Rules 141 and 141.1, if applicable) within the earlier of 21 days of the initial notice of challenge or within 14 days of the Parties agreeing that the meet-and-confer process will not resolve their dispute. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet-and-confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation, including a declaration affirming compliance with the meet-and-confer requirements set forth in the preceding paragraph, at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on the Designating Party) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all Parties shall continue to treat the material in question with the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in

1   a secure manner, including in password-protected form, that ensures that access is limited to the

2   persons authorized under this Order.

3       7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered

4   by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

5   information or item designated "CONFIDENTIAL" only to:

6           (a) the Receiving Party's Outside Counsel of Record in this action, as well as

7   employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

8   information for this litigation and who have signed the "Acknowledgment and Agreement to Be

9   Bound" that is attached hereto as Exhibit A;

10           (b) the officers, directors, and employees (including House Counsel) of the

11   Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed

12   the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

13           (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is

14   reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement

15   to Be Bound" (Exhibit A);

16           (d) the Court and its personnel;

17           (e) court reporters and their staff, professional jury or trial consultants, and

18   Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have

19   signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

20           (f) during their depositions, witnesses in the action to whom disclosure is reasonably

21   necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A),

22   **unless otherwise agreed by the Designating Party or ordered by the court**. Pages of transcribed

23   deposition testimony or exhibits to depositions that reveal Protected Material must be separately

24   bound by the court reporter and may not be disclosed to anyone except as permitted under this

25   Order.

26           (g) the author or recipient of a document containing the information or a custodian

27   or other person who otherwise possessed or knew the information.

28       7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

1   Information or Items. Unless otherwise ordered by the court or permitted in writing by the

2   Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY

3   CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

4           (a) the Receiving Party's Outside Counsel of Record in this action, as well as

5   employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

6   information for this litigation and who have signed the "Acknowledgment and Agreement to Be

7   Bound" that is attached hereto as Exhibit A;

8           (b) the Designated House Counsel of the Receiving Party (1) to whom disclosure is

9   reasonably necessary for this litigation, (2) who has signed the "Acknowledgment and Agreement

10  to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(1),

11  below, have been followed;

12          (c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary

13  for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound"

14  (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been

15  followed;

16          (d) the Court and its personnel;

17          (e) court reporters and their staff, professional jury or trial consultants, and

18  Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have

19  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

20          (f) the author or recipient of a document containing the information or a custodian

21  or other person who otherwise possessed or knew the information.

22          7.4 Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL

23  – ATTORNEYS' EYES ONLY" Information or Items to Designated House Counsel or Testifying

24  Experts.[1]

25          (a)(1) Unless otherwise ordered by the court or agreed to in writing by the

26

27  _____

[1] "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"
28  information or items may be disclosed to a consulting Expert who will not testify at trial without
    disclosure of the identity of the Expert as long as the Expert is not a current officer, director, or
    employee of a competitor of a Party or anticipated to become one.

Designating Party, a Party that seeks to disclose to Designated House Counsel any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party.

(a)(2) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to a testifying Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(c) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[2] and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b) A Party that makes a request in the preceding respective paragraphs may disclose the subject Protected Material to the identified Designated House Counsel or Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party pursuant to section 6.2 (Meet and Confer) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to Designated House Counsel or the Expert may file a motion pursuant to

---

[2] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose Protected Material to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

1  the requirements in section 6.3 (Judicial Intervention) seeking permission from the court to do so.

2  Any such motion must describe the circumstances with specificity, set forth in detail the reasons

3  why the disclosure to Designated House Counsel or the Expert is reasonably necessary, assess the

4  risk of harm that the disclosure would entail, and suggest any additional means that could be used

5  to reduce that risk. In addition, any such motion must be accompanied by a competent declaration

6  describing the Parties' efforts to resolve the matter by agreement (*i.e.*, the extent and the substance

7  of the meet-and-confer discussions) and setting forth the reasons advanced by the Designating Party

8  for its refusal to approve the disclosure. In any such proceeding, the Party opposing disclosure to

9  the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail

10  (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected

11  Material to its Designated House Counsel or Expert.

12  8.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER
13      LITIGATION

14      If a Party is served with a subpoena or a court order issued in other litigation that compels

15  disclosure of any information or items designated in this action as "CONFIDENTIAL" or

16  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must take the following

17  steps:

18          (a) promptly notify in writing the Designating Party. Such notification shall include

19  a copy of the subpoena or court order;

20          (b) promptly notify in writing the party who caused the subpoena or order to issue

21  in the other litigation that some or all of the material covered by the subpoena or order is subject to

22  this Order. Such notification shall include a copy of this Order; and

23          (c) cooperate with respect to all reasonable procedures sought to be pursued by the

24  Designating Party whose Protected Material may be affected.[3]

25      If the Designating Party timely seeks a protective order, the Party served with the subpoena

26  or court order shall not produce any information designated in this action as "CONFIDENTIAL"

27
28  _____
    [3] The purpose of imposing these duties is to alert the interested Parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

1  or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the

2  court from which the subpoena or order issued, unless the Party has obtained the Designating

3  Party's permission. The Designating Party shall bear the burden and expense of seeking protection

4  in that court of its confidential material – and nothing in these provisions should be construed as

5  authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from

6  another court.

7  9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS
        LITIGATION

8

9          (a) The terms of this Order are applicable to information produced by a Non-Party

10  in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

11  ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this

12  litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions

13  should be construed as prohibiting a Non-Party from seeking additional protections.

14          (b) In the event that a Party is required, by a valid discovery request, to produce a

15  Non-Party's confidential information in its possession, and the Party is subject to an agreement

16  with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

17          1. promptly notify in writing the Requesting Party and the Non-Party that

18  some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

19          2. promptly provide the Non-Party with a copy of this Order in this litigation,

20  the relevant discovery request(s), and a reasonably specific description of the information

21  requested; and

22          3. make the information requested available for inspection by the Non-Party.

23          (c) If the Non-Party fails to object or seek a protective order from this court within

24  14 days of receiving the notice and accompanying information, the Receiving Party may produce

25  the Non-Party's confidential information responsive to the discovery request. If the Non-Party

26  timely seeks a protective order, the Receiving Party shall not produce any information in its

27  possession or control that is subject to the confidentiality agreement with the Non-Party before a

28  determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden

1   and expense of seeking protection in this court of its Protected Material.

2   10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

3         If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

4   Material to any person or in any circumstance not authorized under this Order, the Receiving Party

5   must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b)

6   use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person

7   or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d)

8   request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that

9   is attached hereto as Exhibit A.

10   11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED
        MATERIAL

11

12         When a Producing Party gives notice to Receiving Parties that certain inadvertently

13   produced material is subject to a claim of privilege or other protection, the obligations of the

14   Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision

15   is not intended to modify any procedure subsequently established in an e-discovery order that

16   provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d)

17   and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or

18   information covered by the attorney-client privilege or work product protection, the Parties may

19   incorporate their agreement in this Order.

20   12.   MISCELLANEOUS

21         12.1   Right to Further Relief. Nothing in this Order abridges the right of any Party to seek

22   its modification by the court in the future.

23         12.2   Right to Assert Other Objections. By stipulating to the entry of this Order, no Party

24   waives any right it otherwise would have to object to disclosing or producing any information or

25   item on any ground not addressed in this Order. Similarly, no Party waives any right to object on

26   any ground to the use in evidence of any of the material covered by this Order.

27         12.3   Filing Protected Material. A Party may not file any Protected Material in this action

28   in the public record without:  (1) written permission from the Designating Party or (2) following

the issuance of a court order secured after appropriate notice to all interested persons. A Party that seeks to file under seal any Protected Material must comply with Local Rule 141. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Local Rule 141, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Local Rule 141 is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Local Rule 141(e)(1) unless otherwise instructed by the court.

13.     <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this section, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in section 4 (Duration).

//

//

IT IS SO STIPULATED, THROUGH THE UNDERSIGNED COUNSEL OF RECORD.

DATED:   May 5, 2020          /s/ Ulrico S. Rosales
                             Ulrico S. Rosales, Esq.
                             Counsel for Plaintiff


DATED:   May 5, 2020          /s/ Dana J. Finberg
                             Dana J. Finberg, Esq.
                             Counsel for Defendant

## ATTESTATION

I hereby attest that concurrence in the filing of this document has been obtained from every Signatory.


            /s/ Dana J. Finberg
            DANA J. FINBERG (SBN 257459)


## CONCLUSION

Pursuant to the parties' stipulation, IT IS SO ORDERED.

IT IS FURTHER ORDERED THAT:

1.  Requests to seal documents shall be made by motion before the same judge who will decide the matter related to that request to seal.

2.  The designation of documents (including transcripts of testimony) as confidential pursuant to this order does not automatically entitle the parties to file such a document with the court under seal.  Parties are advised that any request to seal documents in this district is governed by Local Rule 141.  In brief, Local Rule 141 provides that documents may only be sealed by a written order of the court after a specific request to seal has been made.  L.R. 141(a).  However, a mere request to seal is not enough under the local rules.  In particular, Local Rule 141(b) requires that "[t]he 'Request to Seal Documents' shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the document, and all relevant information."  L.R. 141(b).

////

1    3.  A request to seal material must normally meet the high threshold of showing that

2   "compelling reasons" support secrecy; however, where the material is, at most, "tangentially

3   related" to the merits of a case, the request to seal may be granted on a showing of "good cause."

4   Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096-1102 (9th Cir. 2016);

5   Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-80 (9th Cir. 2006).

6    4.  Nothing in this order shall limit the testimony of parties or non-parties, or the use of

7   certain documents, at any court hearing or trial – such determinations will only be made by the

8   court at the hearing or trial, or upon an appropriate motion.

9    5.  With respect to motions regarding any disputes concerning this protective order which

10   the parties cannot informally resolve, the parties shall follow the procedures outlined in Local

11   Rule 251.  Absent a showing of good cause, the court will not hear discovery disputes on an ex

12   parte basis or on shortened time.

13    6.  The parties may not modify the terms of this Protective Order without the court's

14   approval.  If the parties agree to a potential modification, they shall submit a stipulation and

15   proposed order for the court's consideration.

16    7.  Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement

17   of the terms of this Protective Order after the action is terminated.

18    8.  Any provision in the parties' stipulation that is in conflict with anything in this order is

19   hereby DISAPPROVED.

20   DATED: May 6, 2020                      /s/ DEBORAH BARNES_____
                                            UNITED STATES MAGISTRATE JUDGE
21

22

23

24

25

26

27

28

1

EXHIBIT A

2

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3       I, _____ [print or type full name], of _____

4    [print or type full address], declare under penalty of perjury that I have read in its entirety and

5    understand the Stipulated Protective Order ("Order") that was issued by the United States District

6    Court for the Eastern District of California on [date] in case 2:20-cv-00235-KJM-DB, *Cutera, Inc.*

7    *v. Lutronic Aesthetics, Inc., et al.* I agree to comply with and be bound by all the terms of the Order,

8    and I understand and acknowledge that my failure to so comply could expose me to sanctions and

9    punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner

10   any information or item that is subject to the Order to any person or entity except in strict

11   compliance with the provisions therein.

12       I further agree to submit to the jurisdiction of the United States District Court for the Eastern

13   District of California for the purpose of enforcing the terms of the Order, even if such enforcement

14   proceedings occur after the final disposition of this action.

15       I hereby appoint _____ [print or type full name] of

16   _____ [print or type full address and telephone number]

17   as my California agent for service of process in connection with this action or any proceedings

18   related to enforcement of this Stipulated Protective Order.

19

20   Date: _____

21   City and State where sworn and signed: _____

22   Printed name: _____

23

24   Signature:      _____

25

26

27

28

1

**<u>CERTIFICATE OF SERVICE</u>**

2

      I hereby certify that the foregoing document was filed with the Court's CM/ECF system

3

which will provide notice on all counsel deemed to have consented to electronic service.  All

4

other counsel of record not deemed to have consented to electronic service were served with a

5

true and correct copy of the foregoing document by mail on this day.

6

7

Dated:        May 6, 2020

8

9

          By: */s/ Dana J. Finberg*
               DANA J. FINBERG

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28