UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CUTERA, INC.,

           Plaintiff,

    v.

LUTRONIC AESTHETICS,

           Defendants.

No.  2:20-cv-0235 KJM DB

ORDER

This matter came before the undersigned on April 29, 2022, for hearing of plaintiff's motion to compel and for sanctions pursuant to Local Rule 302(c)(1).  (ECF No. 66.)  Attorney Ulrico Rosales appeared via Zoom on behalf of plaintiff.  Attorney James Odlum appeared via Zoom on behalf of defendant.  Having considered the parties' briefing and oral argument plaintiff's motion is granted in part and denied in part.

The parties' Joint Statement re Discovery Disagreement reflects that the parties' dispute concerns the following five issues.

**1.      Plaintiff's RFP Nos. 27 & 59**

Defendant argues that these requests are overbroad.  (JS (ECF No. 74) at 11-12.)  "When a request is overly broad on its face, the party seeking the discovery has the burden to show the relevancy of the request."  Johnson v. Kraft Foods N. Am., Inc., 236 F.R.D. 535, 542 (D. Kan.

////

1

1    2006).  "[A] discovery request should be sufficiently definite and limited in scope[.]"  Regan-

2    Touhy v. Walgreen Co., 526 F.3d 641, 649 (10th Cir. 2008).

3         In this regard, "a request or interrogatory is overly broad or unduly burdensome on its face

4    if it (1) uses an omnibus term such as 'relating to' or 'concerning,' and (2) applies to a general

5    category or group of documents or a broad range of information."  Moses v. Halstead, 236 F.R.D.

6    667, 672 (D. Kan. 2006).  However, "a request that uses an omnibus phrase to modify a

7    sufficiently specific type of information or group of documents will not be deemed objectionable

8    on its face."  Dauska v. Green Bay Packaging Inc., 291 F.R.D. 251, 261 (E.D. Wis. 2013).

9         Here, the undersigned finds that plaintiff's requests are over broad.  In this regard,

10   plaintiff's RFP No. 27 seeks production of "DOCUMENTS, COMMUNICATIONS, and

11   THINGS to identify and generally describe any actual or potential product or technology"

12   defendant "developed, planned, designed, created, manufactured, tested, marketed, or offered for

13   sale," from "January 1, 2019 to the present[.]"  (JS (ECF No. 74) at 7.)

14        Plaintiff's RFP No. 59 purports to seek a similar production related only to the "Derma V

15   product or any vascular-related or vascular pigment and hair product or technology," but

16   concludes by stating that the "request includes . . . any DOCUMENTS, COMMUNICATIONS,

17   and THINGS RELATING TO any work, tasks or activities performed by LUTRONIC, Lutronic

18   Corporation," three named individuals, "or that LUTRONIC outsourced to . . . any consultant or

19   third-party."  (Id. at 7-8.)

20        Such broadly worded requests are neither sufficiently definite nor limited in scope.

21   Plaintiff's motion to compel is, therefore, denied with respect to these requests.

22        **2.      Plaintiff's RFP other than No. 27 & No. 59.**

23        Plaintiff argues that the defendant has "not produced a single document," in response to a

24   request, even when the request "could not possibly necessitate the use of search terms[.]"  (JS

25   (ECF No. 74) at 12.)  Defendant argues that plaintiff's requests "in its entirety encompasses ESI,"

26   apparently citing to the instruction and definition portion of plaintiff's RFP.  Plaintiff does not

27   address this argument.

28   ////

2

Moreover, the undersigned could not find a copy of plaintiff's RFP request to defendant submitted in connection with the Joint Statement.  The undersigned raised this issue with plaintiff's counsel at the April 29, 2022 hearing.  Plaintiff's counsel directed the undersigned to exhibits C and I of the Joint Statement.  Exhibit I is an email exchange.  (JS (ECF No. 74-1) at 167-222.)  Exhibit C is defendant's response to plaintiff's request.  (Id. at 42-113.)

Requests for Production of Documents typically include definitions and instructions.  See Del Socorro Quintero Perez v. United States, Case No. 13cv1417 WQH BGS, 2016 WL 304877, at *5 (S.D. Cal. Jan. 25, 2016) ("In each set of RFPs propounded on Defendants, Plaintiffs put forth four pages of definitions and nearly five pages of general instructions.").  And that appears to be true here based on defendant's argument and citation.  Plaintiff has failed to provide argument and evidence to dispute defendant's assertion.  In the absence of such information, the undersigned cannot say that defendant's argument is without merit.  Plaintiff's motion to compel, therefore, is denied as to this request.

**3.    Privilege Log**

Plaintiff argues that defendant has asserted the attorney client privilege but failed to provide a privilege log.  (JS (ECF No. 74) at 13-14.)  The parties, however, have yet to reach agreement on search terms for electronically stored information ("ESI").  As such, "the universe of documents" at issue is unknown.  (Id. at 14.)  To the extent plaintiff believes there is non-ESI discovery defendant should produce, plaintiff should address that in a separate motion specifically and clearly dealing with that issue.  Plaintiff's motion to compel is also denied with respect to this request.

**4.    ESI Search Terms**

Each party asserts the other has refused to meet and confer over necessary ESI search terms.  (Id. at 15-17.)  Accordingly, plaintiff's motion to compel will be granted as to this request and the parties ordered to meet and confer over this issue.

**5.    Attorney's Fees**

When the court grants a motion to compel it must "after giving an opportunity to be heard," award "reasonable expenses incurred in making the motion, including attorney's fees,"

1    unless the "opposing party's position was 'substantially justified' or that 'other circumstances

2    make an award of expenses unjust.'"  Infanzon v. Allstate Insurance Company, 335 F.R.D. 305,

3    311 (C.D. Cal. 2020) (quoting Fed. R. Civ. P. 37(a)(5)(A)).  Here, the plaintiff's motion will only

4    be granted in part.  Moreover, the undersigned finds that defendant's position was substantially

5    justified.

6          Nonetheless, defendant is cautioned that the undersigned is concerned about the pace of

7    discovery.  The issue of ESI search terms was before the undersigned at a November 22, 2021,

8    informal telephonic discovery conference.  The undersigned is surprised the parties have resolved

9    so little since that time.  The undersigned believes that that both parties could have done more to

10    resolve this dispute and expects them to do so.[1]  As to the motion's request for monetary

11    sanctions, however, that request is denied.

12                        **CONCLUSION**

13         For the reasons stated above and at the April 29, 2022 hearing, IT IS HEREBY

14    ORDERED that:

15        1.  Plaintiff's March 18, 2022 motion to compel (ECF No. 66) is granted in part and

16    denied in part; and

17        2.  Within 21 days of the date of this order that parties shall engage in further meet and

18    confer in person or via telephone or video conferencing regarding these discovery disputes in

19    general and the issue of ESI search terms in particular.

20    DATED:  May 5, 2022                /s/ DEBORAH BARNES

21                                   UNITED STATES MAGISTRATE JUDGE

22

23

24    DLB:6

25    DB/orders/orders.civil/cutera0235.oah.042922

26

27

28

---

[1] At the April 29, 2022 hearing the parties raised the issue of the appointment of a Special Master for discovery purposes.  The parties are directed to refer to Rule 53 of the Federal Rules of Civil Procedure.  See also Federal Trade Commission v. Qualcomm Inc., Case No. 17-cv-0220 LHK (NC), Case No. 17-md-2773 LHK (NC), 2018 WL 3868976, at *1 (N.D. Cal. Feb. 24, 2018).