UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Cutera, Inc., | No. 2:20-CV-00235-KJM-DB |
| Plaintiffs, | ORDER |
| v. | |
| Lutronic Aesthetics, Inc., and Does 1-20, | |
| Defendants. | |

In this trade secrets case, plaintiff Cutera, Inc. moves to file a second amended complaint with new trademark infringement claims against defendant Lutronic Aesthetics, Inc. (Lutronic), and claims against a new defendant: Lutronic's foreign based parent company, Lutronic Corporation. Mot. to Amend (MTA), ECF No. 63. Lutronic does not oppose Cutera's motion to add new claims. Opp'n, at 2, ECF No. 64.[1] Lutronic does oppose Cutera's motion to add Lutronic Corporation as a defendant. *Id.* The court heard arguments on the motions on March 25, 2022, with Ulrico Rosales and Nedim Novakovic appearing for Cutera and James Odlum appearing for Lutronic. ECF No. 69. For the reasons below, the court **grants Cutera's request in part:** it may add the proposed new claims against the current defendants, but may not add Lutronic Corporation as a defendant.

---

[1] When citing page numbers on filings, the court uses the pagination automatically generated by the CM/ECF system.

1

1 | **I.   BACKGROUND**

2 | The court has summarized the background of this litigation in its previous orders. *See,*
3 | *e.g.,* Order, ECF No. 22, at 1–5. Only a brief summary is necessary here. The parties are direct
4 | competitors that develop products used by medical aesthetic professionals. *See generally* Compl.,
5 | ECF No. 1. Cutera alleges Lutronic solicited and hired Cutera service providers and employees
6 | to create copy-cat products and capture Cutera's market share. *Id.* In August 2020, this court
7 | issued a scheduling order under Federal Rule of Civil Procedure 16, *see* FRCP 16 Bench Order,
8 | ECF No. 47, and granted Lutronic's motion to dismiss with leave to amend, *see* Order at 2, ECF
9 | No. 49. Lutronic amended its complaint, First Amended Complaint, ECF No 51, which Lutronic
10 | answered, Answer, ECF No. 53. After multiple extensions to the deadlines set in this court's
11 | Rule 16 scheduling order, the parties were to complete discovery and designate expert witnesses
12 | by the end of May 2022. Order, ECF No. 57. A hearing for all dispositive motions is set for the
13 | end of August 2022. *Id.* A trial date will be set after that date if necessary.

14 | **II.   LEGAL STANDARD**

15 | When a party seeks to amend its complaint after a Rule 16 scheduling order has been
16 | issued, as is the case here, the court must first consider whether to amend that scheduling order.
17 | *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992); *see also Johnson v. St.*
18 | *Mary*, No. 06-0508, 2007 WL 1100507, at *1 (E.D. Cal. Apr. 11, 2007) ("[A]pplying *Johnson* [*v.*
19 | *Mammoth Recreations*] . . . once the district court has filed a pretrial scheduling order pursuant to
20 | Federal Rule of Civil Procedure 16, a motion to amend the pleadings is governed first by Rule
21 | 16(b), and only secondarily by Rule 15(a)."), *findings and recommendations adopted*, 2007 WL
22 | 1365400 (E.D. Cal. May 9, 2007). Under Rule 16(b)(4), a movant must demonstrate "good
23 | cause" to amend a scheduling order. *Mammoth*, 975 F.2d at 608. "The 'good cause' standard
24 | 'focuses on the diligence of the party seeking amendment.'" *St. Mary*, 2007 WL 1100507, at *1.
25 | "Relevant inquiries [into diligence] include: whether the movant was diligent in helping the court
26 | to create a workable Rule 16 order; whether matters that were not, and could not have been,
27 | foreseeable at the time of the scheduling conference caused the need for amendment; and whether
28 | the movant was diligent in seeking amendment once the need to amend became apparent." *Id*.

If a party shows good cause to amend the scheduling order, it must next show the complaint may be amended under Rule 15. *See Mammoth*, 975 F.2d at 608. Rule 15(a)(2) provides, "The court should freely give [leave to amend] when justice so requires," and the Ninth Circuit has "stressed Rule 15's policy of favoring amendments." *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). When a court considers a motion to amend, it "must be guided by the underlying purpose of Rule 15—to facilitate decisions on the merits rather than on the pleadings or technicalities." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). But a district court may deny a request for leave to amend if the amendment would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011). Of these factors, prejudice is the primary focus. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Although new claims against new defendants can impose an "acute threat of prejudice," that threat is minimal when the case "is still at the discovery stage with no trial date pending." *See DCD Programs*, 833 F.2d at 187–88. The party opposing a request to amend "bears the burden of showing prejudice." *Id.* at 187.

**III.   ANALYSIS**

Although Cutera does not mention Rule 16 or the "good cause" standard, the court construes its motion as including a request to amend the scheduling order and grants that request in part. *See Mammoth*, 975 F.2d at 608–09 ("[S]ome courts have considered a motion to amend the complaint as a motion to amend the scheduling order . . . . We see no reason to deviate from that approach . . . .").

Cutera did not become aware of Lutronic's alleged trademark infringement until November 2021, when Lutronic began using Cutera's mark. MTA at 15. The alleged trademark infringement was not foreseeable before then, and Cutera was diligent in seeking amendment once the need became apparent. *Id.* at 16. Lutronic does not argue otherwise, and it does not oppose Cutera's request to add trademark infringement and related claims. *See* Opp'n at 2. Cutera has thus shown good cause to amend the scheduling order to permit its motion to add

3

trademark and related claims against Lutronic. *See Mammoth*, 975 F.2d at 609. The court also finds the addition of these claims appropriate under the liberal standard of Rule 15(a). *See Ascon Props.*, 866 F.2d at 1160. Cutera's motion to add claims against Lutronic is granted.

By contrast, Cutera has not shown it diligently pursued claims against the parent company, Lutronic Corporation. It knew about Lutronic Corporation's potential role in this case more than a year before it sought to add that entity as a defendant. In September 2020, Cutera mentioned "Lutronic Corporation" eighteen times in its First Amended Complaint. *See generally* First Amended Complaint. For example, the First Amended Complaint acknowledges Lutronic is a "wholly owned subsidiary of Lutronic Corporation" and alleges "Lutronic's sole business is the marketing, sales, and servicing of medical devices developed and manufactured [by its] parent, Lutronic Corporation." *Id.* ¶¶ 7–8. According to the First Amended Complaint, Lutronic's CEO and board chairman also serves as the CEO and a director of its parent. *Id.* ¶ 11. Cutera also knew in 2020 that Lutronic Corporation had hired James Bartholomeusz as its Chief Technology Officer. *Id.* ¶ 12. Bartholomeusz is a former Cutera consultant who helped develop a device Cutera now alleges Lutronic copied. *Id.* ¶¶ 12–13. According to Cutera's First Amended Complaint, Bartholomeusz also helped recruit Cutera's executive vice president (EVP) of sales to Lutronic, which "was a big deal" because Lutronic Corporation was "putting pressure on" Lutronic to improve its sales. *Id.* ¶¶ 15, 17. Cutera avers Lutronic offered its former EVP of sales 100,000 shares in Lutronic Corporation, and that the EVP of Sales and another former Cutera employee traveled to Lutronic Corporation's headquarters in Korea to discuss employment with Lutronic. *Id.* ¶¶ 19–20. In short, it is clear from Cutera's First Amended Complaint that it was aware of Lutronic Corporation's involvement long before it sought to bring Lutronic Corporation into the case.

In its motion to amend, Cutera suggests Lutronic Corporation's potential liability has only recently come to light. It argues, for example, that Lutronic Corporation's involvement became "clear . . . through depositions of former Lutronic Global executives taken in February 2021 and the forensic discovery Cutera was only able to begin reviewing in earnest in late 2021 . . . ." MTA at 10. Cutera alleges Lutronic Corporation's hiring of Bartholomeusz was "a fact that

crystalized after depositions" and "was the catalyst for the ensuing wrongdoing," but it does not explain how it knew what it alleged in its First Amended Complaint and why it did not mention the possibility of an amendment until recently. *Id.* It may be that Cutera has uncovered more details about the extent of Bartholomeusz and Lutronic Corporation's alleged wrongdoings, but these details reflect the allegations in the First Amended Complaint. In short, it was "foreseeable" when Cutera filed its First Amended Complaint that Lutronic Corporation should be named as a defendant. *St. Mary*, 2007 WL 1100507, at *1. The Ninth Circuit has often affirmed district court orders denying a motion to amend the pleadings when, as in this case, the moving party has not adequately explained why it did not move to amend sooner. *See, e.g., Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 765 (9th Cir. 2017); *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006); *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1295 (9th Cir. 2000).

Even if Cutera did not know specifics until the February 2021 depositions, the one-year delay between that discovery and its motion to amend suggests it was not "diligent in seeking amendment once the need to amend became apparent." *Id.* Courts within this district typically approve amendments based on new discoveries on much shorter timelines. *See, e.g., Magana v. Archer Daniels Midland Co.*, No. 20-00578, 2021 WL 2349877, at *4 (E.D. Cal. June 9, 2021) (finding plaintiff was diligent in moving for leave to amend less than one month after discovering need for amendment), *report and recommendation adopted as modified*, 2021 WL 2941646 (E.D. Cal. July 13, 2021); *Fru-Con Constr. Corp. v. Sacramento Mun. Util. Dist.*, No. 05-0583, 2006 WL 3733815, at *3–5 (E.D. Cal. Dec. 15, 2006) (holding defendant acted with diligence in moving for leave to amend counterclaim approximately two months after deposition revealing new facts).

Finally, the court has already amended its scheduling order to extend the pretrial deadlines in this action, which has now been pending for more than two years. Adding a foreign defendant is likely to lead to more discovery, more pretrial litigation, and more delays. Expert discovery has proceeded, dispositive motion deadlines are looming, and a preliminary injunction remains in

force.  In these circumstances, the court cannot excuse unnecessary delays.  "Scheduling orders 'are the heart of case management,' and are intended to alleviate case management problems." *Boparai v. Shinseki*, No. 09-01164, 2010 WL 4738125, at *1 (E.D. Cal. Nov. 16, 2010) (quoting *Koplove v. Ford Motor Co.*, 795 F.2d 15, 18 (3d Cir. 1986)).  As the Ninth Circuit emphasized more than thirty years ago in *Mammoth*, scheduling orders cannot be disregarded.  975 F.2d at 610.  Since then, given the heavy caseloads within this district, the importance of the Rule 16 scheduling order has only grown.  *Smith v. Henry's Holdings, LLC*, No. 21-01030, 2022 WL 229855, at *2 (E.D. Cal. Jan. 26, 2022).  Cutera has not shown good cause to amend the scheduling order to permit new claims against Lutronic Corporation, so its motion to add those claims is denied.  The court does not reach whether that amendment would be appropriate under Rule 15(a).

## IV.    CONCLUSION

For the reasons outlined above, the court **grants the motion to amend in part**:  the court grants plaintiff's request add new claims against the existing defendants but denies plaintiff's request to add Lutronic Corporation as a defendant.  The second amended complaint must be filed **within seven days.**

This order resolves ECF No. 63.

IT IS SO ORDERED.

DATED: July 29, 2022.

CHIEF UNITED STATES DISTRICT JUDGE