1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   Cutera, Inc.,                                No. 2:20-cv-00235-KJM-DB

12                    Plaintiff,                   ORDER

13        v.

14   Lutronic Aesthetics, Inc.,

15                    Defendant.

16

17        Plaintiff Cutera, Inc. requests reconsideration of the denial of its motion to amend the

18   complaint to add Lutronic Corporation as a defendant.  Mot., ECF No. 82.  The plaintiff argues

19   the court erred by relying on Rule 16(b) instead of Rule 15 to deny the motion.  *Id.* at 3.[1]

20   Lutronic opposes the motion, *see* Opp'n, ECF No. 84, and Cutera replied, *see* Reply, ECF No. 86.

21   The court submitted the motion without oral argument.  Min. Order (Oct. 10, 2022), ECF No. 90.

22        Rule 54(b) authorizes a district court to revise an interlocutory order.  *See City of Los

23   Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 889 (9th Cir. 2001).  An order denying a

24   motion to amend a complaint is interlocutory in nature, thus Rule 54(b) applies.  *See Royal Ins.

25   Co. of Am. v. Sw. Marine*, 194 F.3d 1009, 1013 n.2 (9th Cir. 1999) ("The order[] . . . denying [the

26   plaintiff]'s motion to amend its complaint [is] interlocutory.").  Although Rule 54(b) does not

---

[1] When citing page numbers on filings, the court uses the pagination applied by the
CM/ECF system.

1

1    describe the standard for reconsideration, some district courts in the Ninth Circuit have imported

2    standards of review from Rule 60(b).  *See AmeriColor Corp. v. Kosto Food Prod. Co.*, No. 16-29,

3    2016 WL 10576634, at *2 (C.D. Cal. June 30, 2016).

4         "Reconsideration is ordinarily appropriate only when controlling law has changed, if new

5    evidence has become available, or when necessary to correct a clear error or prevent manifest

6    injustice." *Sants v. Seipert*, No. 15-0355, 2021 WL 465292, at *6 (E.D. Cal. Feb. 9, 2021)

7    (applying local rule and Rule 60(b) standard).  Absent a showing of manifest injustice, the court

8    will not disturb its prior ruling.  *Advanced Steel Recovery, LLC v. X-Body Equip., Inc.*, No. 16-

9    0148, 2020 WL 6043935, at *5 (E.D. Cal. Oct. 13, 2020).  This court's local rules also govern

10   reconsideration.  They require the moving party to provide "what new or different facts or

11   circumstances are claimed to exist which did not exist or were not shown" or "what other grounds

12   exist for the motion" and "why the facts or circumstances were not shown at the time of the prior

13   motion."  L.R. 230(j).

14        Reconsideration is unwarranted here.  There are no new facts, nor changes in controlling

15   law.  Instead, the plaintiff claims the court applied the wrong standard.  Mot. at 6.  In its prior

16   order, the court construed the plaintiff's motion to amend as "a request to amend the scheduling

17   order" and applied Rule 16's good-cause standard.  Prior Order at 3, ECF No. 79; *see* Fed. R. Civ.

18   P. 16(b)(4) (allowing modification of a schedule "only for good cause").  The plaintiff  argues

19   Rule 16 does not apply to its motion because the scheduling order does not set a specific deadline

20   for filing amended pleadings.  Mot. at 6.

21        The court disagrees.  While the court's initial scheduling order did not include a deadline

22   for amending complaints,[2] the parties' joint status report prior to the order states "the Parties do

23   not anticipate a need to amend the pleadings at this time.  However, the Parties reserve their rights

---

[2] The court recognizes the court's standing scheduling order for civil cases was not filed concurrently with the scheduling order.  *See* Min. Order (Aug. 4, 2020), ECF No. 47 ("All provisions of the courts [sic] standing scheduling order for Civil Cases filed concurrently herewith are incorporated therein.").  The court's standing scheduling order explicitly states "no further joinder of parties or amendments to pleadings is permitted without leave of court, good cause having been shown.  *See* Fed. R. Civ. P. 16(b); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992)."

1   to do so, with leave of the Court on a showing of good cause." JSR at 4, ECF No. 28. While the

2   parties did not propose a deadline to amend the complaint, they did agree good cause must be

3   shown prior to obtaining leave to amend the pleadings.

4          Moreover, granting the plaintiff's motion to add a party would necessarily require

5   modification of the scheduling order. *See Paz v. City of Aberdeen*, No. 13-5104, 2013 WL

6   6163016, at *3 (W.D. Wash. Nov. 25, 2013). In *Paz*, the court's scheduling order did not "set a

7   specific deadline for seeking amendments to the complaint." *Id.* However, the court observed

8   the "[plaintiff's] motion, if granted, necessarily requires modification of the scheduling order"

9   because "[p]ermitting the amendment to add a new cause of action would necessarily require the

10  Court to extend the discovery deadline to permit the [defendant] to respond to the new

11  allegations." *Id.* Similarly here, as this court noted in its prior order, "[a]dding a foreign

12  defendant is likely to lead to more discovery, more pretrial litigation, and more delays. Expert

13  discovery has proceeded, dispositive motion deadlines are looming, and a preliminary injunction

14  remains in force." Prior Order at 5–6.

15         Lastly, district courts are "given broad discretion in supervising the pretrial phase of

16  litigation, and its decisions regarding the preclusive effect of a pretrial order . . . will not be

17  disturbed unless they evidence a clear abuse of discretion." *United States v. Dang*, 488 F.3d

18  1135, 1143 (9th Cir. 2007) (quoting *Johnson v. Mammoth Recreations*, Inc., 975 F.2d 604, 607

19  (9th Cir. 1992)). It was within the court's discretion to construe the motion to amend the

20  complaint as a motion to amend the scheduling order. *See Ramos v. FCA US LLC*, No. 17-0973,

21  2019 WL 2106172, at *6 (E.D. Cal. May 14, 2019) (exercising the court's discretion to construe

22  the plaintiff's motion for leave to amend the complaint as a motion to modify the scheduling

23  order); *Atwell v. City of Surprise*, 440 F. App'x 585, 586 (9th Cir. 2011) (unpublished) ("[E]ven if

24  the court treated the motion to amend the complaint as a de facto motion to amend the scheduling

25  order, the district court did not abuse its discretion in denying it because [the plaintiff] failed to

26  show good cause.").

27         For the reasons above, the **motion for reconsideration is denied.**

28         This order resolves ECF No. 82.

1     IT IS SO ORDERED.

2    DATED:  November 1, 2022.

3 

CHIEF UNITED STATES DISTRICT JUDGE